07 CV 5933

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUDGE KAPLAN

-----------------------------------------------------------x
Richard A Leslie Co., Inc.,

    Plaintiff,

              v.

Birdie, LLC, and Golfsmith International
Holdings, Inc.,

    Defendants.
-----------------------------------------------------------x

CIVIL COMPLAINT

-CV-   JUN 2 2 2007

U.S....D.N.Y.
CASHIERS

JURY TRIAL DEMANDED

## The Parties

1.    Plaintiff is a New York corporation with a place of business at 560 Route 303, Suite 208 Orangeburg, NY 10962.

2.    Defendant Birdie LLC, upon information an belief, is a Colorado limited liability company with offices at 5690 DTC Blvd, Suite 340W, Greenwood Village, CO 80111 and a place of business at 724 Battery Street First Floor San Francisco, CA 94111

3.    Defendant Golfsmith International Holdings, Inc. ("Golfsmith"), upon information and belief, is a Delaware corporation with a place of business at 11000 N. IH-35, Austin, Texas 78753.

## Nature of the Action

4.    This action is brought in part under Lanham Act § 43(a), 15 U.S.C. § 1125(a).

5.    This action is brought in part under Lanham Act § 32, 15 U.S.C. § 1114.

6. This action is brought in part under New York State common law for trademark infringement.

## Jurisdiction and Venue

7. Jurisdiction is proper under 28 U.S.C. §§ 1331 and 1338.

8. Jurisdiction for the state false advertising cause of action is proper under 28 U.S.C. § 1367.

9. Jurisdiction if further proper under N.Y.C.P.L.R. § 302(a).

10. Venue is proper under 28 U.S.C. § 1391(b)(2) and 28 U.S.C. § 1391(c).

## Facts

11. Plaintiff is owner of the mark "Birdie" for clothing, including jackets.

12. Plaintiff, itself and through the related company and/or predecessor in interest Globe Sport Products, has utilized its "Birdie" mark in commerce since no later than 1956. Its use has been substantively continuous and conspicuous and national in scope since that time.

13. Plaintiff is owner of federal trademark registration no. 2,456,349 for a stylized version of "Birdie Jackets". In this registration, Plaintiff has disclaimed the term "Jackets", rendering the dominant portion of the registered mark "Birdie".

14. Plaintiff was owner of federal trademark registration nos. 1,329,733 and 1,329,732 for the mark "Birdie" in stylized and non-stylized forms. The Trademark Office cancelled these registrations based on Plaintiff's inadvertent failure to file certain affidavits required by section 8 of the Lanham Act.

15. Plaintiff presently has pending an application for federal trademark registration for the mark "Birdie" for "jackets; golf apparel and sportswear."

16. In or about May, 2007, Defendant Birdie, LLC contacted Plaintiff regarding Plaintiff's "Birdie" mark. Defendant Birdie, LLC indicated to Plaintiff that Birdie, LLC wished to license or purchase Plaintiff's "Birdie" mark. As a result of this communication, Plaintiff and Defendant Birdie, LLC entered into negotiations for the licensing or sale of Plaintiff's "Birdie" mark.

17. Upon information and belief, at some time after the negotiations commenced, Defendant Birdie, LLC erroneously and in bad faith concluded that it no longer was necessary to obtain rights to Plaintiff's "Birdie" mark in order to use Plaintiff's "Birdie" mark in commerce, and so ceased negotiating with Plaintiff in good faith.

18. At all relevant times, Plaintiff has clearly indicated to Defendant Birdie, LLC that Birdie, LLC's use of the mark "Birdie" for clothing infringed Plaintiff's "Birdie" mark. At all relevant times, Defendant Birdie, LLC has been aware of Plaintiff's rights in the "Birdie" mark.

19. Upon information and belief, Defendant Birdie, LLC has intentionally and with conscious disregarded of Plaintiff's rights used the mark "Birdie" for clothing by offering for sale and selling clothing and other items bearing the mark "Birdie".

20. Defendant Birdie LLC is owner of the following federal trademark registrations and pending applications:

| Mark | Serial No. | Reg. No. | Goods |
|---|---|---|---|
|  | 78503915 | | Women's golf clothing, namely, golf shirts, wind shirts, golf sweaters, golf vests, golf pants, golf shorts, golf skirts, skorts, golf caps, golf visors, golf socks and golf shoes; women's clothing, namely shirts, pants, shorts, sweaters, blouses, skirts, dresses, vests, hats, caps, visors, socks, shoes, sweatshirts, sweatpants |
| Birdie | 78922959 | | Women's golf clothing, namely, golf shirts, wind shirts, golf sweaters, golf jackets, golf pants, golf shorts, golf skirts, skorts, golf caps, golf visors, golf gloves; women's clothing, namely shirts, t-shirts, tank tops, polo shirts, sweaters, blouses, jackets, blazers, skirts, dresses, pants, shorts, hats, caps, visors, and sweatshirts;(Based on Intent to Use) Women's golf clothing, namely golf socks and golf shoes; women's clothing, namely, underwear, sports bras, sweatpants, socks, shoes, bathing suits, belts, and scarves; men's golf clothing, namely, golf shirts, wind shirts, golf sweaters, golf jackets, golf pants, golf shorts, golf caps, golf visors, golf gloves, golf socks and golf shoes; men's clothing, namely shirts, t-shirts, polo shirts, sweaters, jackets, blazers, pants, shorts, hats, caps, visors, sweatshirts, sweatpants, underwear, socks, shoes, bathing suits, and belts; children's golf clothing, namely, golf shirts, wind shirts, golf sweaters, golf jackets, golf pants, golf shorts, golf skirts, skorts, golf caps, golf visors, golf gloves, golf socks and golf shoes; children's clothing, namely shirts, t-shirts, tank tops, polo shirts, sweaters, blouses, jackets, blazers, skirts, dresses, pants, shorts, hats, caps, visors, sweatshirts, sweatpants, underwear, socks, shoes, bathing suits, and belts. |

| Mark | Serial No. | Reg. No. | Goods |
| --- | --- | --- | --- |
| BIRDIEBRAND GOLF.COM | 76615561 | 3164395 | Manufacturer of embroidered golf theme apparel, namely shirts, vests, hats, visors, wind shirts, and jackets to the order and specification of others. |
| EVERYONE WANTS A BIRDIE | 76615560 | 3089162 | Custom manufacture of embroidered golf theme apparel to the order and specification of others, namely shirts, vests, hats, visors, windshirts and jackets. |
| BIRDIE BRAND GOLF | 76615558 | 3131646 | Clothing, namely shirts and visors; Custom manufacture of embroidered golf theme apparel to the order and specification of others, namely shirts and visors. |

21. The marks contained in the foregoing applications and registrations, when used in connection with the goods listed, infringe upon Plaintiff's "Birdie" mark.

22. Upon information and belief, Defendant Birdie, LLC obtained the registrations 3,131,646, 3,089,162 and 3,164,395 via assignment from a common previous registrant. Upon further information and belief, the assignment was an invalid "naked" assignment.

23. Upon information and belief, Defendant Birdie, LLC does not provide and has no intention of providing services in the nature of the manufacturer of embroidered golf theme apparel to the order and specification of others, and therefore has abandoned the foregoing marks in connection with such services.

24. Defendant Golfsmith is a retailer of golf and other sporting related goods.

25. Upon information and belief, Defendant Golfsmith sells via the internet and through physical retail locations. Upon further information and belief, Defendant Golfsmith has physical retail locations in Manhattan, Carle Place, East Northport, and Scarsdale, New York, among other locations.

26. Upon information and belief, Defendant Golfsmith has offered for sale, offers for sale, has sold and sells Defendant Birdie, LLC's clothing bearing the mark "Birdie".

### First Count
### Trademark Infringement under 15 U.S.C. 1125(a)

27. Plaintiff hereby incorporates the allegations of paragraph 1 through 26 as if stated fully herein.

28. Defendants have infringed Plaintiff's trademark in violation of Lanham Act § 43(a), 15 U.S.C. § 1125(a).

29. Defendants' infringing conduct has caused and is causing substantial and irreparable injury and damage to Plaintiff in an amount not capable of determination, and, unless restrained, will cause further irreparable injury, leaving the Plaintiff with no adequate remedy at law.

30. Plaintiff has been and continues to be irreparably harmed by Defendants' past and continuing violation of Lanham Act § 43(a), 15 U.S.C. § 1125.

### Second Count
### Trademark Infringement under 15 U.S.C. 1114

31. Plaintiff hereby incorporates the allegations of paragraph 1 through 26 as if stated fully herein.

32. Defendants have infringed Plaintiff's registered trademark no. 2,456,349 in violation of Lanham Act § 32, 15 U.S.C. § 1114.

33. Defendants' infringing conduct has caused and is causing substantial and irreparable injury and damage to Plaintiff in an amount not capable of determination, and, unless

restrained, will cause further irreparable injury, leaving the Plaintiff with no adequate remedy at law.

34. Plaintiff has been and continues to be irreparably harmed by Defendants' past and continuing violation of Lanham Act § 32, 15 U.S.C. § 1114.

### Third Count
### Common Law Trademark Infringement

35. Plaintiff hereby incorporates the allegations of paragraph 1 through 26 as if stated fully herein.

36. Defendants have infringed Plaintiff's trademark in violation of New York State common law.

37. Defendants' infringing conduct has caused and is causing substantial and irreparable injury and damage to Plaintiff in an amount not capable of determination, and, unless restrained, will cause further irreparable injury, leaving the Plaintiff with no adequate remedy at law.

38. Plaintiff has been and continues to be irreparably harmed by Defendants' past and continuing violation of Plaintiff's common law trademark rights.

### Prayer for Relief

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor Plaintiff:

a. Awarding actual damages to Plaintiff in an amount to be determined;

b. Ordering an accounting of Defendants' profits and awarding the amount of such profits to Plaintiff;

c. Awarding exemplary damages to Plaintiff in an amount equal to three times the actual damages and profits awarded;

d.  Awarding Plaintiff its costs and attorneys' fees;

e.  Permanently enjoining Defendant from all use of the mark "Birdie" and confusingly similar variations thereof;

f.  Requiring Defendant to undertake remediative action, to be approved by the Court, designed to correct the confusion caused by Defendants' use of Plaintiff's "Birdie" mark;

g.  Requiring Defendants to recall and destroy all infringing articles;

h.  Cancelling Defendant Birdie, LLC's trademark registrations and pending applications; and

i.  Providing all other equitable relief that the Court deems just and proper.

Respectfully submitted,
Richard A Leslie Co., Inc.,
by its attorney,

_____
Jeffrey Sonnabend (JS1243)
SonnabendLaw
600 Prospect Avenue
Brooklyn, NY 11215-6012
718-832-8810
JSonnabend@SonnabendLaw.com

Dated: June 21, 2007