```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| RICHARD A. LESLIE CO., INC., | Civil Action No.07 -CV-5933 (LAK) |
| Plaintiff, | |
| v. | ANSWER AND JURY DEMAND |
| BIRDIE, LLC and GOLFSMITH HOLDINGS INTERNATIONAL, INC., | Filed by ECF |
| Defendants. | |

## DEFENDANTS' ANSWER

Defendant, Birdie, LLC ("Birdie") and Golfsmith International Holdings, Inc. ("Golfsmith") (hereinafter collectively referred to sometimes as "Defendants") for their Answer to the Complaint of Plaintiff Richard A. Leslie Co., Inc. ("Plaintiff"), respond to the numbered paragraphs thereof with similarly numbered paragraphs, and state as follows:

1.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 and, accordingly, the allegations are denied.

2.   Admitted.

3.   Admitted.

4.   Defendants admit that Plaintiff has alleged claims for trademark infringement and unfair competition under the trademark laws of the United States under 15 U.S.C. §1125(a), but deny that such claims have merit or were properly brought.

5.   Defendants admit that Plaintiff has alleged claims for trademark infringement of a registered mark under 15 U.S.C. §1114, but deny that such claims have merit or were properly brought.

1

6. Defendants admit that Plaintiff has alleged claims for common law trademark infringement under New York state law, but deny that such claims have merit or were properly brought.

7. Defendants admit that jurisdiction of the court exists under 28 U.S.C. §§1331 and 1338.

8. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 and, accordingly, the allegations are denied.

9. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 and, accordingly, the allegations are denied.

10. Upon information and belief, admitted.

11. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 and, accordingly, the allegations are denied.

12. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 and, accordingly, the allegations are denied.

13. Based upon the United States Patent and Trademark Office website at www.uspto.gov ("USPTO website"), Plaintiff appears to be the owner of record for U.S. Reg. No. 2,456,349 for the mark BIRDIE JACKETS and Design for clothing, namely jackets, and that a disclaimer of the generic word "jackets" was entered. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 13 and, accordingly, the remaining allegations are denied.

14. Based on the USPTO website, Plaintiff appears to have been the owner of record for the expired or cancelled U.S. Reg. No. 1,329,733 for the mark BIRDIE and Design for jackets, and the expired or cancelled U.S. Reg. No. 1,329,732 for the mark BIRDIE for jackets.

Based upon the USPTO website, it appears that Plaintiff's registrations expired or were cancelled under Sections 8 and 9 of the Lanham Act for the failure of Plaintiff to file a renewal application for those registrations. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 14 and, accordingly, the remaining allegations are denied.

15. Based upon the USPTO website, Plaintiff appears to be the owner of U.S. Application S.N. 77/174,393 to register the mark BIRDIE and Design for jackets; golf apparel and sportswear, which application was filed on May 7, 2007, after Defendant Birdie's applications and registrations for its BIRDIE marks were filed and after Defendant Birdie contacted Plaintiff to determine if Plaintiff were still using the mark "Birdie."

16. Defendants admit that in the spring of 2007, Defendant Birdie contacted Plaintiff to determine if Plaintiff were still using any marks including the term "Birdie" and to determine whether Plaintiff would be willing to sell any subsisting rights it owned in marks including the term "Birdie", if any, for a nominal sum in light of the apparent non-use of the marks as suggested by the two expired or cancelled registrations and in view of the differing channels of trade. Defendants deny the remaining allegations of Paragraph 16.

17. Denied.

18. Denied.

19. Denied.

20. Defendants admit that Birdie is the owner of the following U.S. Trademark Registrations and Applications:

| Mark | Reg. Date or App. Date | Reg. or App. No. |
|---|---|---|
| BIRDIE BRAND GOLF | Aug. 22, 2006 (filed Oct. 13, 2004) | 3,131,646 |

3

| | | |
|---|---|---|
| BIRDIEBRANDGOLF.COM | Oct. 31, 2006 (filed Oct. 13, 2004) | 3,164,395 |
| EVERYONE WANTS A BIRDIE | May, 9, 2006 (filed Oct. 13, 2004) | 3,089,162 |
| BIRDIE | Filed July 5, 2006 | App. No. 78/922,959 |
| BIRDIE and Design | Filed Oct. 21, 2004 | App. No. 78/503,915 |

The above registrations and applications are valid and subsisting and cover the goods listed in the registrations and applications. To the extent that the allegations of Paragraph 21 are inconsistent with the above, such allegations are denied.

21. Denied.

22. Defendants admit that Birdie obtained Reg. Nos. 3,131,646; 3,164,395 and 3,089,162 via assignment from the prior owner. Defendants deny that such assignment was an invalid or naked assignment. Defendants are without knowledge or information sufficient to form a belief as to the truth of any remaining allegations of Paragraph 22 and, accordingly, the remaining allegations are denied.

23. Defendant Birdie denies the allegations found in Paragraph 23 of the Complaint. Defendant Golfsmith is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 and, accordingly, the allegations are denied.

24. Defendants admit that Golfsmith is a retailer of golf, tennis and related sporting goods.

25. Admitted.

26. Admitted.

27. Defendants hereby incorporate by reference their responses to the allegations of paragraphs 1 through 26.

28. Denied.

29. Denied.

30. Denied.

31. Defendants hereby incorporate by reference their responses to the allegations of paragraphs 1 through 26.

32. Denied.

33. Denied.

34. Denied.

35. Defendants hereby incorporate by reference their responses to the allegations of paragraphs 1 through 26.

36. Denied.

37. Denied.

38. Denied.

## JURY DEMAND

Defendants and each of them hereby demand trial by jury of all issues of fact so triable.

## AFFIRMATIVE DEFENSES

Further answering, Defendants allege as follows:

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Upon information and belief, Plaintiff's claims, if any, are barred, in whole or in part, by the equitable doctrines of acquiescence, laches and/or estoppel.

WHEREFORE, Defendants pray that Plaintiff's action be dismissed with prejudice, and that this Court grant to Defendants their reasonable attorney fees, costs, and such other relief as this Court may deem proper.

Respectfully submitted,

By: /s/ Nancy E. Wolff
Toby M.J. Butterfield (TB 8599)
Nancy E. Wolff (NW 7805)
Cowan, Debaets, Abrahams & Sheppard, LLP
41 Madison Avenue, 34th Floor
New York, New York 10010
(212) 974-7474
Fax: (212) 974-8474

ATTORNEYS FOR DEFENDANTS
BIRDIE, LLC and GOLFSMITH HOLDINGS
INTERNATIONAL, INC.

Of Counsel:
William D. Raman
WONG, CABELLO, LUTSCH, RUTHERFORD
& BRUCCULERI, L.L.P.
Texas State Bar No. 16492700
Chase Tower
221 W. 6th Street, Suite 950
Austin, Texas 78701
Telephone: 512.473.2550
Facsimile: 512.473.2555
braman@counselip.com