UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x
Richard A Leslie Co., Inc.,

      Plaintiff,                               PROTECTIVE ORDER

      v.                                      07-cv-5933 (LAK)

Birdie, LLC, and Golfsmith International
Holdings, Inc.,

      Defendants.
------------------------------------------------------x

       For good cause shown and pursuant to Federal Rule of Civil Procedure 26(c) the Court finds that:

       1.      Trade secret and other confidential research, development and commercial information that bears significantly on the claims and defenses in this civil action is likely to be disclosed during the course of discovery;

       2.      The parties to this civil action, and non-parties to this civil action, are likely to assert that public dissemination of trade secret and other confidential research, development and commercial information disclosed during the course of discovery in this civil action will severely damage the disclosing party or non-party and will place that disclosing party or non-party at a competitive disadvantage; and

       3.      To protect the respective interests of the parties and of non-parties who may be called upon to make disclosure in this civil action, and to facilitate the progress of discovery in this civil action, a Protective Order should issue.

**IT IS THEREFORE ORDERED THAT:**

4. For the purpose of this Protective Order:

   a. "Confidential Information" shall mean testimony or information in a document which the disclosing party or non-party believes in good faith constitutes or contains a trade secret or other confidential research, development or commercial information within the meaning of Federal Rule of Civil Procedure 26(c)(7). Confidential Information does not include information that is: (i) generally known to those in the industry prior to disclosure in this civil action; or (ii) approved for release by written authorization of the party who owns the information; or (iii) disclosed to the receiving party by a third party lawfully possessing such information and under no obligation of confidentiality; or (iv) developed independently by the receiving party or any employee or designated agent thereof independently and without any use whatsoever of confidential information received by the receiving party under this Protective Order; or (v) submitted to any governmental entity without request for or statutory entitlement to confidential treatment.

   b. "Document" shall have the same meaning as in Federal Rule of Civil Procedure 34(a), and shall include, without limitation, electronic and computerized data compilations, interrogatory answers, responses to requests for admissions, deposition transcripts and exhibits, pleadings, affidavits, declarations and briefs.

5. This Protective Order shall apply to the parties and to non-parties to this civil action who shall be called upon to make disclosure in this civil action. The party or non-party called upon to make disclosure in this civil action is referred to in this Protective Order as the "Disclosing Party".

6. Any document containing Confidential Information may be designated as such by the Disclosing Party by marking the document "Confidential" prior to or at the time a copy of the document is furnished to the receiving party. Such marking shall be placed on every page of each document so designated, or if the entire document is to be designated as such, on the first page of the document with an indication that the designation applies to the entire document.

7. At a deposition, or within fourteen (14) days of issuance of a notification by an officer pursuant to Federal Rule of Civil Procedure 30(e) that the transcript of a deposition is available for review, counsel for any party or for the deponent may designate specific testimony (including questions and colloquy) or pages of the transcript as containing Confidential Information, either by placing notice on the record at the deposition or in writing to counsel for all parties and for the deponent. If a review of the transcript has been requested pursuant to Federal Rule of Civil Procedure 30(e), the entire transcript volume shall be treated as Confidential until expiration of the fourteen (14) day period. To the extent that a document bearing a Confidential designation is used in a deposition, such document shall remain subject to the provisions of this Protective Order, without the need for further designation.

8. Confidential Information disclosed pursuant to this Protective Order shall not be used, shown, disseminated, copied, or in any way communicated to anyone for any purpose whatsoever, except as provided for herein.

9. Confidential Information disclosed pursuant to this Protective Order shall be used solely for the prosecution or defense of this civil action.

10. Confidential Information disclosed pursuant to this Protective Order is to be disclosed only to the following persons:

    a. Outside counsel of record of each party, including their paralegal assistants and secretaries, and employees or agents of counsel, including providers of duplicating services, to the extent reasonably necessary to render professional services in this civil action and provided that such persons are actively engaged in the prosecution or defense of this civil action.

    b. In-house counsel or outside counsel of each party, provided that each such in-house or outside counsel is involved in the prosecution or defense of this civil action and has the need to know such information in the prosecution or defense of this civil action. Counsel of record shall identify the designated in-house or outside counsel to the Disclosing Party ten (10) days before granting in-house or outside counsel with access to Confidential Information, with the proviso that if, within that ten (10) day period, an objection is stated to such disclosure, no such disclosure will be made without prior approval of this Court.

    c. Persons identified in a document designated as Confidential as the author of the document or as a person to whom a copy of such document was sent prior to its disclosure in this civil action.

    d. Witnesses where at least one of the following conditions applies:

      i. the witness is a current employee of the Disclosing Party;

      ii. the Disclosing Party has consented on the record of the deposition to the disclosure of the Confidential Information to the witness; or

      iii. the party wishing to disclose the Confidential Information to the witness notifies the Disclosing Party of that desire, with a specific listing of the Confidential Information to be disclosed, and the Disclosing Party consents in writing to disclosure, which consent will not unreasonably be withheld. If, however, such consent is not received in writing,

the consultant or expert, a list of all publications by the consultant or expert for the past ten (10) years, and a list identifying all lawsuits in which the consultant or expert testified within the preceding four (4) years.

   h. Outside technical, graphics or jury consultants retained by the receiving party or its attorneys for the purpose of assisting in connection with this civil action or whose assistance may be required for preparation for and/or trial of this civil action.

  11. Before any person described in paragraph 10(b), 10(g), or 10(h) is given access to Confidential Information, the individual to whom access is to be provided shall sign and date an undertaking in the form of the attached Exhibit A. The undertaking shall be held by counsel of record for the party providing access to the Confidential Information.

  12. Notwithstanding the provisions of paragraphs 8 and 9 hereto, a Disclosing Party is free to use, show, disseminate, copy and communicate to anyone for any purpose whatsoever, his, her or its own Confidential Information without restriction.

  13. Confidential Information shall not be filed with the Court except when required by Court order or rule or in connection with motions or applications submitted to the Court. Documents containing Confidential Information (including, without limitation, deposition transcripts, exhibits, briefs, affidavits, and declarations), if filed with the Court, shall be filed under seal.

  14. The Clerk of this Court is directed to maintain under seal all documents filed in this civil action which are designated as containing Confidential Information. Such documents shall be filed in the Clerk's office in sealed envelopes with a copy of the caption page affixed to

the outside of the envelope, along with the legend "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" and a statement substantially in the following form:

> This envelope contains Confidential Information filed by [name of party or non-party] and is not to be opened, nor the contents to be displayed or revealed, by anyone other than authorized court personnel, except by Court order.

15. At any time after the disclosure of information designated as Confidential Information, counsel for a party receiving the Confidential Information may challenge the Confidential designation of all or any portion thereof by providing written notice thereof to the Disclosing Party. If agreement is not reached as to whether the Confidential designation of the information is appropriate, the receiving party shall certify to the Court that the parties could not reach an agreement as to the confidential nature of all or a portion of the Confidential Information. Thereafter, the Disclosing Party shall have ten (10) days from the date of certification to file a motion for a protective order with regard to any Confidential Information in dispute. The Disclosing Party shall have the burden of establishing that the disputed Confidential Information is entitled to Confidential treatment. If the Disclosing Party does not timely file a motion for a protective order, then the Confidential Information in dispute shall no longer be subject to Confidential treatment as provided for in this Protective Order. All Confidential Information is entitled to Confidential treatment pursuant to the terms of this Protective Order until and unless the Disclosing Party agrees in writing to the contrary, the Disclosing Party fails to timely move for a protective order, or a determination is made by the Court that the Confidential Information is not entitled to Confidential treatment.

16. A Disclosing Party that inadvertently fails to mark a document as Confidential at the time of its disclosure shall not be deemed to have waived, in whole or in part, any claim of

confidentiality, either as to the specific document or information disclosed therein or as to any other document or information on the same or related subject matter. Any such misdesignated documents shall be designated as Confidential as soon as reasonably possible after the producing party becomes aware of the inadvertent failure to mark. Such correction and notice thereof shall be made in writing, accompanied by a substitute copy of each document, appropriately marked as Confidential. Within five (5) days of receipt of a substitute copy, the receiving party shall return or destroy the previously unmarked or mismarked document and all copies thereof.

17. The inadvertent or mistaken production of documents subject to the protection of the attorney-client privilege, work product doctrine, or other privilege shall not constitute a waiver of such privilege or protection, and shall not put in issue or constitute the affirmative use of the advice of counselor of any privileged communications. The Disclosing Party shall notify the receiving party in writing of any such inadvertently produced documents as soon as reasonably possible after the Disclosing Party becomes aware of their inadvertent production. Upon receipt of such notice, the receiving party shall, within three (3) business days, return all such documents to the Disclosing Party, along with any copies made thereof.

18. Within sixty (60) days after the final conclusion of this civil action by judgment not subject to appeal or by settlement, all documents containing Confidential Information, other than trial and deposition transcripts, trial and deposition exhibits, and briefs, counsel work papers, memoranda or other documents filed with the Court, and declarations executed pursuant to paragraph 11 hereto, either shall be returned to the Disclosing Party or shall be destroyed. Confidential Information used by outside counsel at its offices that exists in or on electronic media which is not readily accessible (such as back-up tapes) and which is routinely deleted or

destroyed in the normal course of business, may be destroyed at its regularly scheduled interval and such media shall not be required to be restored. All parties or persons that received Confidential Information shall make certification of compliance with this section and shall deliver same to the Disclosing Party not more than sixty (60) days after the final conclusion of this civil action. The Clerk of the Court may return to counsel for the parties, or destroy, any sealed material after the conclusion of this civil action, including any appeals.

19. After conclusion of this civil action, the provisions of this Protective Order shall continue to be binding, except with respect to Confidential Information that becomes a matter of public record. This Court retains and shall have continuing jurisdiction over the parties and recipients of Confidential Information for enforcement of the provisions of this Protective Order following conclusion of this civil action.

20. An attorney, who is an authorized recipient under the terms of paragraph 10(a) or 10(b) of this Protective Order, may render advice to his or her client with respect to this civil action in general reliance upon Confidential Information. In rendering advice to his or her client, such attorney shall not disclose the Confidential Information produced by another party herein where such disclosure would not otherwise be permitted under the terms of this Protective Order. This order shall not bar any attorney herein in the course of rendering advice to his client with respect to this litigation from conveying to any party client his evaluation in a general way of "Confidential Information" produced or exchanged herein; provided, however that in rendering such advice and otherwise communicating with his client, the attorney shall not disclose the specific contents of any "Confidential" information produced by another party herein, which disclosure would be contrary to the terms of this Protective Order.

21.     If Confidential Information is disclosed to any person other than in a manner authorized by this Protective Order, the party responsible for the disclosure or knowledgeable of such disclosure, upon discovery of the disclosure, shall immediately inform the Disclosing Party of the facts pertinent to the disclosure.

22.     Nothing in this Protective Order shall be deemed to reduce or enlarge the scope of discovery provided for under the Federal Rules of Civil Procedure.

23.     This Protective Order is not intended to govern the use of Confidential Information at the trial of this civil action. Procedures governing the use of Confidential Information at trial will, if necessary, be established by separate order pursuant to an application to the Court by a party or by a Disclosing Party.

24. The United States District Court for the Southern District of New York is responsible for the interpretation and enforcement of this Protective Order. All disputes concerning Confidential Information produced under the protection of this Protective Order shall be resolved by the United States District Court for the Southern District of New York. This Court retains jurisdiction even after the conclusion of this civil action to enforce this Protective Order and to amend this Protective Order as the Court deems appropriate.

So Stipulated:

_____
Jeffrey Sonnabend (JS1243)
SonnabendLaw
600 Prospect Avenue
Brooklyn, NY 11215-6012
718-832-8810
JSonnabend@SonnabendLaw.com

Attorney for Plaintiff

Dated: 8/31/2007

_____
Toby M.J. Butterfield (TB 8599)
Nancy E. Wolff (NW 7805)
Cowan, Debaets, Abrahams & Sheppard, LLP
41 Madison Avenue, 34th Floor
New York, New York 10010
(212) 974-7474
fax: (212) 974-8474

Attorneys for Defendants

Dated: August 31, 2007

SO ORDERED:
The Honorable Lewis A. Kaplan

_____
United States District Judge

Dated: _____, 2007

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x
Richard A Leslie Co., Inc.,

      Plaintiff,

      v.                                                                       07-cv-5933 (LAK)

Birdie, LLC, and Golfsmith International
Holdings, Inc.,

      Defendants.
-----------------------------------------------------------x

      I, _____, hereby certify that:

      1.    I have read the Protective Order entered in this civil action and understand its terms.

      2.    I agree to be bound by the terms of the Protective Order in this civil action. I agree to use Confidential Information provided to me pursuant to the Protective Order in this civil action only for purposes of this civil action.

      3.    I submit to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of enforcing the terms of the Protective Order in this civil action and freely and knowingly waive any right that I may otherwise have to object to the jurisdiction of said Court.

4.     I understand that my failure to abide by the terms of the Protective Order entered in this civil action may subject me, without limitation, to penalties for contempt of Court.

Dated: _____                Signature: _____

                                  Print Name: _____