UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x
Richard A Leslie Co., Inc.,

       Plaintiff,

             v.

Birdie, LLC, and Golfsmith International
Holdings, Inc.,

       Defendants.
-----------------------------------------------------------x

PARTIES' JOINT REPORT OF
RULE 26(f) PLANNING
MEETING

07-cv-5933 (LAK)

Pursuant to Fed. R. Civ. P. 26(f), the parties submit the present Joint Report of Rule 26(f) Planning Meeting.

**1. Changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made**

The parties have exchanged disclosures under Fed. R. Civ. P. 26(a)(1).

{A060552.DOC/1}

**2.    The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues**

Plaintiff does not believe that discovery should be conducted in phases or be focused upon particular issues.

Defendants assert that this case for trademark infringement and unfair competition is a fact intensive case that requires extensive discovery of the use of the marks at issue by the parties, the use by third parties of similar marks to help determine the "strength" of the marks at issue, the relevant channels of trade of the respective parties, the customers of the respective parties, the advertising efforts of the respective parties, and other factors that have been enumerated as relevant to the issue of likelihood of confusion. Moreover, Defendants have determined that many third party distributors are under the impression that Plaintiff has ceased business under the marks at issue which, depending upon what is determined in the course of discovery, may raise issues of abandonment that will require amendment of the pleadings. Because surveys are extremely expensive, Defendants suggest that time be permitted for conducting fact discovery to discover and develop the information relating to the issues noted above before undertaking the expense of surveys and the corresponding expense of expert discovery.

Plaintiff proposes the following discovery cutoffs:

Fact discovery cutoff: February 29, 2008.

Expert reports due (for party with burden): March 31, 2008.

Expert reports due (responsive): April 30, 2008.

Expert deposition cutoff: May 30, 2008.

In light of the large number of non-party witnesses with knowledge concerning either plaintiff's claimed use of the trademark in issue or third party use of similar marks, Defendants propose the following discovery cutoffs:

Fact discovery cutoff: April 15, 2008.

Deadline for disclosure by plaintiff of expert witnesses with expert reports: May 15, 2008.

{A060552.DOC/1}

Deadline for disclosure by defendants of expert witnesses with expert reports: July 15, 2008.

Expert Deposition Cutoff: August 15, 2008.

**3.  Any issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced**

The parties do not believe any issues exist concerning electronic discovery.

**4.  Any issues relating to claims of privilege or of protection as trial-preparation material, including - if the parties agree on a procedure to assert such claims after production - whether to ask the court to include their agreement in an order**

The parties have submitted a proposed, stipulated Protective Order for the Court's entry.

**5.  What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed**

Plaintiff believes no changes are required to discovery limits.

Defendants have requested that in light of the issues to be addressed in discovery and because of the likely necessity to take numerous third party depositions, the limit on depositions be raised to twenty and reserves the right to seek leave to take additional depositions for good cause shown if discovery indicates that additional depositions are warranted.

**6.  Any other orders that should be entered by the court under Rule 26(c) or under Rule 16(b) and (c)**

The Parties agree that any order entered by the Court under Fed. R. Civ. P. 16(b) should include the following deadlines:

Deadline for amending pleadings or adding parties: November 15, 2007.

Plaintiff proposes the following additional deadline:

Deadline for filing dispositive motions: June 30, 2008.

Defendants propose the following additional deadline:

Deadline for filing dispositive motions: September 15, 2008

_____
Jeffrey Sonnabend (JS1243)
SonnabendLaw
600 Prospect Avenue
Brooklyn, NY 11215-6012
718-832-8810
JSonnabend@SonnabendLaw.com

Attorney for Plaintiff

Dated: 9/4/2007

_____
Toby M.J. Butterfield (TB 8599)
Nancy E. Wolff (NW 7805)
Cowan, Debaets, Abrahams & Sheppard, LLP
41 Madison Avenue, 34th Floor
New York, New York 10010
(212) 974-7474
fax: (212) 974-8474

Attorneys for Defendants

Dated: September 4, 2007

{A060552.DOC/1}