UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
Richard A Leslie Co., Inc.,

       Plaintiff,

              v.

Birdie, LLC, and Golfsmith International
Holdings, Inc.,

       Defendants.
------------------------------------------------------------x

DECLARATION OF JEFFREY
SONNABEND

07-cv-5933 (LAK)

I, Jeffrey Sonnabend, hereby declare the following:

1.      Attached hereto as Exhibit 1 is a true and correct copy of a listing of Richard A.
Leslie Co., Inc. federal trademark registrations (live and canceled) and pending applications.

2.      Attached hereto as Exhibit 2 is a true and correct copy of a listing of Birdie LLC
federal trademark registrations and pending applications.

3.      Attached hereto as Exhibit 3 is a true and correct copy of Trademark Office
records for Richard A. Leslie Co., Inc.'s canceled "Birdie" registrations.

4.      Attached hereto as Exhibit 4 is a true and correct copy of a printout of a web page
from Defendant Golfsmith LLC's website.

5.      Attached hereto as Exhibit 5 is a true and correct copy of the office actions
refusing registration of Defendant Birdie LLC's applications for registration of the mark "Birdie"
in various forms.

6.      Attached hereto as Exhibit 6 is a true and correct copy of the complaint in the
present case.

I swear under penalty of perjury that the foregoing is true and correct, except as to those statements made upon information and belief, which I believe to be true and correct.

_____

Jeffrey Sonnabend

Date:  September 7, 2007

# EXHIBIT 1



| | |
|---|---|
| Word Mark: | BIRDIE |
| Serial Number: | 77174393 |
| Filing Date: | May 7, 2007 |
| Register: | PRINCIPAL |
| Live/Dead: | LIVE |
| G and S: | IC 025. US 022 039. G & S: Jackets; Golf apparel and sportswear. FIRST USE: 19560000. FIRST USE IN COMMERCE: 19560000 |
| Original Filing Basis: | 1A;1B |
| Current Filing Basis: | 1A;1B |
| Attorney Of Record: | Abigail Rubinstein, Robert S. Weisbein, Andrew Baum, Paul Fields, Amy J. Benjamin, Eric Prager, Karin Segall, Laura J. Winston, and Kathryn Starnella |
| Mark Drawing Code: | (3) DESIGN PLUS WORDS, LETTERS, AND/OR NUMBERS |
| Design Search Code: | 21.03.16 - Golf balls; Golf tees; Tees for golf21.03.22 - Clubs for golf; Golf clubs; Putters for golf27.03.05 - Objects forming letters or numerals |
| Owner: | (APPLICANT) Richard A. Leslie Company, Inc. CORPORATION NEW YORK 560 Route 303, Suite 208 Orangeburg NEW YORK 10962 |
| Description Of Mark: | Color is not claimed as a feature of the mark. |
| Type Of Mark: | TRADEMARK |
| Standard Chars. Claimed: | FALSE |

---



| | |
|---|---|
| Word Mark: | BIRDIE JACKETS |
| Serial Number: | 75810716 |
| Filing Date: | September 29, 1999 |
| Reg. Number: | 2456349 |
| Reg. Date: | May 29, 2001 |
| Register: | PRINCIPAL |
| Live/Dead: | LIVE |
| G and S: | IC 025. US 022 039. G & S: CLOTHING, NAMELY JACKETS. FIRST USE: 19991001. FIRST USE IN COMMERCE: 19991001 |

Original Filing Basis:     1B

Current Filing Basis:     1A

Disclaimer:     NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "JACKETS" APART FROM THE MARK AS SHOWN

Affidavit Text:     SECT 15. SECT 8 (6-YR).

Attorney Of Record:     Abigail Rubinstein and Robert S. Weisbein

Mark Drawing Code:     (3) DESIGN PLUS WORDS, LETTERS, AND/OR NUMBERS

Design Search Code:     26.17.09 - Bands, curved; Bars, curved; Curved line(s), band(s) or bar(s); Lines, curved

Owner:     (REGISTRANT) RICHARD A. LESLIE COMPANY, INC. CORPORATION NEW YORK 7 Corporate Drive Orangeburg NEW YORK 109622615

Description Of Mark:     The stippling is for shading purposes only and does not indicate color.

Type Of Mark:     TRADEMARK

Published For Opposition:  September 5, 2000

Prior Registrations:     1329732;1329733

Standard Chars. Claimed:  FALSE



Word Mark:     BIRDIE

Serial Number:     73483538

Filing Date:     June 4, 1984

Reg. Number:     1329733

Reg. Date:     April 9, 1985

Register:     PRINCIPAL

Live/Dead:     DEAD

G and S:     (CANCELLED) IC 025. US 039. G & S: Clothing-Namely, Jackets. FIRST USE: 19560000. FIRST USE IN COMMERCE: 19560000

Original Filing Basis:     1A

Current Filing Basis:     1A

Affidavit Text:     SECT 15. SECT 8 (6-YR).

Assignment Recorded:     ASSIGNMENT RECORDED

Attorney Of Record:     Martin E. Goldstein

Mark Drawing Code:     (3) DESIGN PLUS WORDS, LETTERS, AND/OR NUMBERS

Design Search Code:     21.03.01 - Balls (basketballs, table tennis, footballs, etc.); Baseballs; Basketballs; Billiard balls; Bowling balls; Footballs; Golf balls; Paddle balls; Table tennis balls; Tennis balls; Volleyballs21.03.04 - Clubs, golf; Croquet mallets; Field hockey sticks; Golf clubs; Hockey sticks; Lacrosse sticks; Mallets (sports);

Mallets, croquet; Mallets, polo; Polo mallets; Putters, golf21.03.25 - Archery arm guards; Athletic supporters; Badminton shuttlecocks (birdies); Bags, golf; Bags, punching; Balance beams (gymnastic); Basketball backboards; Basketball hoops; Batons, twirling; Billiard cue sticks; Boxing bags; Catcher's mask; Cues, billiard; Decoys, hunting; Diving boards; Face masks (sports); Face Masks, catcher's; Fins, swim; Goal posts, football; Golf bags; Golf tees; Gym bars (jungle gyms, monkey bars); Gymnastic apparatus; Handgrips, exercise; Hockey pucks; Horse apparatus (gymnastic); Masks, athletic ; Masks, catcher's; Masks, fencing; Masks, scuba; Pads, protection (athletic); Parallel bars; Playground equipment; Pool cues; Pucks; Scuba fins or flippers; Scuba masks; Scuba snorkels; Shuttlecocks, badminton birdies; Skateboards; Snowboards; Supporters, athletic; Surfboards; Swim fins; Swim masks; Tees, golf and kicking; Tennis ball throwers (mechanical device); Tetherball game; Trampolines; Twirling batons; Vaulting horses, gymnastic27.03.05 - Objects forming letters or numerals

| | |
|---|---|
| Owner: | (REGISTRANT) Richard A. Leslie Company Partnership composed of Louis Solomon; Robert Solomon (United States citizens) PARTNERSHIP 578 Nepperhan Ave. Yonkers NEW YORK 10701 (LAST LISTED OWNER) RICHARD A. LESLIE COMPANY INC. CORPORATION ASSIGNEE OF NEW YORK 7 CORPORATE DRIVE ORANGEBURG NEW YORK 10962 |
| Type Of Mark: | TRADEMARK |
| Published For Opposition: | January 29, 1985 |
| Cancellation Date: | January 14, 2006 |
| Standard Chars. Claimed: | FALSE |

## BIRDIE

| | |
|---|---|
| Word Mark: | BIRDIE |
| Serial Number: | 73483537 |
| Filing Date: | June 4, 1984 |
| Reg. Number: | 1329732 |
| Reg. Date: | April 9, 1985 |
| Register: | PRINCIPAL |
| Live/Dead: | DEAD |
| G and S: | (CANCELLED) IC 025. US 039. G & S: Clothing-Namely Jackets. FIRST USE: 19560000. FIRST USE IN COMMERCE: 19560000 |
| Original Filing Basis: | 1A |
| Current Filing Basis: | 1A |
| Affidavit Text: | SECT 15. SECT 8 (6-YR). |
| Assignment Recorded: | ASSIGNMENT RECORDED |
| Attorney Of Record: | MARVIN E. GOLDSTEIN |
| Mark Drawing Code: | (1) TYPED DRAWING |
| Owner: | (REGISTRANT) Richard A. Leslie Company Partnership composed of Louis Solomon; Robert Solomon (United States citizens) PARTNERSHIP 578 |

Nepperhan Ave. Yonkers NEW YORK 10701 (LAST LISTED OWNER)
RICHARD A. LESLIE COMPANY INC. CORPORATION ASSIGNEE OF
NEW YORK 7 CORPORATE DRIVE ORANGEBURG NEW YORK 10962

Type Of Mark:             TRADEMARK
Published For Opposition: January 29, 1985
Cancellation Date:        January 14, 2006
Standard Chars. Claimed:  FALSE

# EXHIBIT 2



| | |
|---|---|
| Word Mark: | BIRDIE |
| Serial Number: | 78503915 |
| Filing Date: | October 21, 2004 |
| Register: | PRINCIPAL |
| Live/Dead: | LIVE |
| G and S: | IC 025. US 022 039. G & S: Women's golf clothing, namely, golf shirts, wind shirts, golf sweaters, golf vests, golf pants, golf shorts, golf skirts, skorts, golf caps, golf visors, golf socks and golf shoes; women's clothing, namely shirts, pants, shorts, sweaters, blouses, skirts, dresses, vests, hats, caps, visors, socks, shoes, sweatshirts, sweatpants |
| Original Filing Basis: | 1B |
| Current Filing Basis: | 1B |
| Assignment Recorded: | ASSIGNMENT RECORDED |
| Mark Drawing Code: | (3) DESIGN PLUS WORDS, LETTERS, AND/OR NUMBERS |
| Design Search Code: | 03.15.24 - Stylized birds and bats03.15.25 - Cardinals; Crows; Doves; Other birds; Pigeons; Ravens; Robins; Woodpeckers |
| Owner: | (APPLICANT) BIRDIE, LLC LTD LIAB CO COLORADO 6782 S. POTOMAC STREET CENTENNIAL COLORADO 80112 |
| Type Of Mark: | TRADEMARK |
| Standard Chars. Claimed: | FALSE |



| | |
|---|---|
| Serial Number: | 78922973 |
| Filing Date: | July 5, 2006 |
| Register: | PRINCIPAL |
| Live/Dead: | LIVE |
| G and S: | IC 003. US 001 004 006 050 051 052. G & S: (Based on Intent to Use) Perfume, body lotion, body powder, bath oil, and soap IC 006. US 002 012 013 014 023 025 050. G & S: (Based on Use in Commerce) Metal key chains. FIRST USE: 20050900. FIRST USE IN COMMERCE: 20060100 IC 009. US 021 023 026 036 038. G & S: (Based on Intent to Use) Sunglasses IC 014. US 002 027 028 |

050. G & S: (Based on Use in Commerce) Ornamental pins; (Based on Intent to Use) Jewelry; watches. FIRST USE: 20050900. FIRST USE IN COMMERCE: 20060100 IC 018. US 001 002 003 022 041. G & S: (Based on Use in Commerce) Bags, namely satchels and travel bags; (Based on Intent to Use) Bags, namely tote bags, golf bags, shoulder bags, cosmetic bags, purses, clutches, and wallets, all sold empty; umbrellas. FIRST USE: 20050600. FIRST USE IN COMMERCE: 20051000 IC 025. US 022 039. G & S: (Based on Use in Commerce) Women's golf clothing, namely, golf shirts, wind shirts, golf sweaters, golf jackets, golf pants, golf shorts, golf skirts, skorts, golf caps, golf visors, golf gloves; women's clothing, namely shirts, t-shirts, tank tops, polo shirts, sweaters, blouses, jackets, blazers, skirts, dresses, pants, shorts, hats, caps, visors, and sweatshirts; (Based on Intent to Use) Women's golf clothing, namely golf socks and golf shoes; women's clothing, namely, underwear, sports bras, sweatpants, socks, shoes, bathing suits, belts, and scarves; men's golf clothing, namely, golf shirts, wind shirts, golf sweaters, golf jackets, golf pants, golf shorts, golf caps, golf visors, golf gloves, golf socks and golf shoes; men's clothing, namely shirts, t-shirts, polo shirts, sweaters, jackets, blazers, pants, shorts, hats, caps, visors, sweatshirts, sweatpants, underwear, socks, shoes, bathing suits, and belts; children's golf clothing, namely, golf shirts, wind shirts, golf sweaters, golf jackets, golf pants, golf shorts, golf skirts, skorts, golf caps, golf visors, golf gloves, golf socks and golf shoes; children's clothing, namely shirts, t-shirts, tank tops, polo shirts, sweaters, blouses, jackets, blazers, skirts, dresses, pants, shorts, hats, caps, visors, sweatshirts, sweatpants, underwear, socks, shoes, bathing suits, and belts. FIRST USE: 20050600. FIRST USE IN COMMERCE: 20051000

| | |
|---|---|
| Original Filing Basis: | 1A;1B |
| Current Filing Basis: | 1A;1B |
| Attorney Of Record: | Katherine C. Spelman, Tsan Abrahamson, Sophie Cohen, Lara Kehoe Hoffman, Lezlie Huston |
| Mark Drawing Code: | (2) DESIGN ONLY |
| Design Search Code: | 03.15.24 - Stylized birds and bats03.15.25 - Cardinals; Crows; Doves; Other birds; Pigeons; Ravens; Robins; Woodpeckers21.03.25 - Archery arm guards; Athletic supporters; Badminton shuttlecocks (birdies); Bags, punching; Balance beams (gymnastic); Basketball backboards; Basketball hoops; Batons, twirling; Billiard cue sticks; Boxing bags; Catcher's mask; Cues, billiard; Decoys, hunting; Diving boards; Face masks (sports); Face Masks, catcher's; Fins, swim; Goal posts, football; Gym bars (jungle gyms, monkey bars); Gymnastic apparatus; Handgrips, exercise; Hockey pucks; Horse apparatus (gymnastic); Masks, athletic; Masks, catcher's; Masks, fencing; Masks, scuba; Pads, protection (athletic); Parallel bars; Playground equipment; Pool cues; Pucks; Scuba fins or flippers; Scuba masks; Scuba snorkels; Shuttlecocks, badminton birdies; Supporters, athletic; Swim fins; Swim masks; Tees, kicking; Tennis ball throwers (mechanical device); Tetherball game; Trampolines; Twirling batons; Vaulting horses, gymnastic |
| Owner: | (APPLICANT) Birdie, LLC LTD LIAB CO COLORADO 6782 S. Potomac Street Centennial COLORADO 80112 |
| Description Of Mark: | The mark consists of the design of a bird sitting on a golf tee. |
| Type Of Mark: | TRADEMARK |

Standard Chars. Claimed:   FALSE

---

# BIRDIE

| | |
|---|---|
| Word Mark: | BIRDIE |
| Serial Number: | 78922959 |
| Filing Date: | July 5, 2006 |
| Register: | PRINCIPAL |
| Live/Dead: | LIVE |
| G and S: | IC 003. US 001 004 006 050 051 052. G & S: (Based on Intent to Use) Perfume, body lotion, body powder, bath oil, and soap IC 006. US 002 012 013 014 023 025 050. G & S: (Based on Use in Commerce) Metal key chains. FIRST USE: 20050900. FIRST USE IN COMMERCE: 20060100 IC 009. US 021 023 026 036 038. G & S: (Based on Intent to Use) Sunglasses IC 014. US 002 027 028 050. G & S: (Based on Use in Commerce) Ornamental pins; (Based on Intent to Use) Jewelry; watches. FIRST USE: 20050900. FIRST USE IN COMMERCE: 20060100 IC 018. US 001 002 003 022 041. G & S: (Based on Use in Commerce) Bags, namely satchels and travel bags; (Based on Intent to Use) Bags, namely tote bags, golf bags, shoulder bags, cosmetic bags, purses, clutches, and wallets, all sold empty; umbrellas. FIRST USE: 20050600. FIRST USE IN COMMERCE: 20051000 IC 025. US 022 039. G & S: (Based on Use in Commerce) Women's golf clothing, namely, golf shirts, wind shirts, golf sweaters, golf jackets, golf pants, golf shorts, golf skirts, skorts, golf caps, golf visors, golf gloves; women's clothing, namely shirts, t-shirts, tank tops, polo shirts, sweaters, blouses, jackets, blazers, skirts, dresses, pants, shorts, hats, caps, visors, and sweatshirts;(Based on Intent to Use) Women's golf clothing, namely golf socks and golf shoes; women's clothing, namely, underwear, sports bras, sweatpants, socks, shoes, bathing suits, belts, and scarves; men's golf clothing, namely, golf shirts, wind shirts, golf sweaters, golf jackets, golf pants, golf shorts, golf caps, golf visors, golf gloves, golf socks and golf shoes; men's clothing, namely shirts, t-shirts, polo shirts, sweaters, jackets, blazers, pants, shorts, hats, caps, visors, sweatshirts, sweatpants, underwear, socks, shoes, bathing suits, and belts; children's golf clothing, namely, golf shirts, wind shirts, golf sweaters, golf jackets, golf pants, golf shorts, golf skirts, skorts, golf caps, golf visors, golf gloves, golf socks and golf shoes; children's clothing, namely shirts, t-shirts, tank tops, polo shirts, sweaters, blouses, jackets, blazers, skirts, dresses, pants, shorts, hats, caps, visors, sweatshirts, sweatpants, underwear, socks, shoes, bathing suits, and belts. FIRST USE: 20050600. FIRST USE IN COMMERCE: 20051000 |
| Original Filing Basis: | 1A;1B |
| Current Filing Basis: | 1A;1B |

| Attorney Of Record: | Katherine C. Spelman, Tsan Abrahamson, Sophie Cohen, Lara Kehoe Hoffman, Lezlie Huston |
|---|---|
| Mark Drawing Code: | (4) STANDARD CHARACTER MARK |
| Owner: | (APPLICANT) Birdie, LLC LTD LIAB CO COLORADO 6782 S. Potomac Street Centennial COLORADO 80112 |
| Type Of Mark: | TRADEMARK |
| Standard Chars. Claimed: | FALSE |

# birdiebrandgolf.com

| Word Mark: | BIRDIEBRANDGOLF.COM |
|---|---|
| Serial Number: | 76615561 |
| Filing Date: | October 13, 2004 |
| Reg. Number: | 3164395 |
| Reg. Date: | October 31, 2006 |
| Register: | PRINCIPAL |
| Live/Dead: | LIVE |

| | |
|---|---|
| G and S: | IC 040. US 100 103 106. G & S: Manufacturer of embroidered golf theme apparel, namely shirts, vests, hats, visors, wind shirts, and jackets to the order and specification of others. FIRST USE: 20041222. FIRST USE IN COMMERCE: 20041222 |
| Original Filing Basis: | 1B |
| Current Filing Basis: | 1A |
| Assignment Recorded: | ASSIGNMENT RECORDED |
| Attorney Of Record: | Suanne M. Ansari |
| Mark Drawing Code: | (4) STANDARD CHARACTER MARK |
| Owner: | (REGISTRANT) Pekar, Donna M. INDIVIDUAL UNITED STATES 732 Kawana Road Columbia SOUTH CAROLINA 29205 (LAST LISTED OWNER) BIRDIE LLC LTD LIAB CO COLORADO 6782 S. POTOMAC STREET CENTENNIAL COLORADO 80112 |
| Type Of Mark: | SERVICE MARK |
| Published For Opposition: | August 15, 2006 |
| Standard Chars. Claimed: | FALSE |

# Everyone Wants a Birdie

| | |
|---|---|
| Word Mark: | EVERYONE WANTS A BIRDIE |
| Serial Number: | 76615560 |
| Filing Date: | October 13, 2004 |
| Reg. Number: | 3089162 |
| Reg. Date: | May 9, 2006 |
| Register: | PRINCIPAL |
| Live/Dead: | LIVE |
| G and S: | IC 040. US 100 103 106. G & S: Custom manufacture of embroidered golf theme apparel to the order and specification of others, namely shirts, vests, hats, visors, windshirts and jackets. FIRST USE: 20041222. FIRST USE IN COMMERCE: 20041222 |
| Original Filing Basis: | 1B |
| Current Filing Basis: | 1A |
| Assignment Recorded: | ASSIGNMENT RECORDED |
| Attorney Of Record: | Suanne M. Ansari |
| Mark Drawing Code: | (4) STANDARD CHARACTER MARK |
| Owner: | (REGISTRANT) Pekar, Donna M. INDIVIDUAL UNITED STATES 732 Kawana Road Columbia SOUTH CAROLINA 29205 (LAST LISTED OWNER) BIRDIE LLC LTD LIAB CO COLORADO 6782 S. POTOMAC STREET CENTENNIAL COLORADO 80112 |
| Type Of Mark: | SERVICE MARK |
| Published For Opposition: | February 14, 2006 |
| Standard Chars. Claimed: | FALSE |

# Birdie Brand Golf

| | |
|---|---|
| Word Mark: | BIRDIE BRAND GOLF |
| Serial Number: | 76615558 |
| Filing Date: | October 13, 2004 |
| Reg. Number: | 3131646 |
| Reg. Date: | August 22, 2006 |
| Register: | PRINCIPAL |
| Live/Dead: | LIVE |
| G and S: | IC 025. US 022 039. G & S: Clothing, namely shirts and visors. FIRST USE: 20041222. FIRST USE IN COMMERCE: 20041222 IC 040. US 100 103 106. G & S: Custom manufacture of embroidered golf theme apparel to the order and specification of others, namely shirts and visors. FIRST USE: 20041222. FIRST USE IN COMMERCE: 20041222 |
| Original Filing Basis: | 1B |
| Current Filing Basis: | 1A |
| Disclaimer: | NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "BRAND GOLF" APART FROM THE MARK AS SHOWN |
| Assignment Recorded: | ASSIGNMENT RECORDED |
| Attorney Of Record: | Suanne M. Ansari |
| Mark Drawing Code: | (4) STANDARD CHARACTER MARK |
| Owner: | (REGISTRANT) Pekar, Donna M. INDIVIDUAL UNITED STATES 732 Kawana Road Columbia SOUTH CAROLINA 29205 (LAST LISTED OWNER) BIRDIE LLC LTD LIAB CO COLORADO 6782 S. POTOMAC STREET CENTENNIAL COLORADO 80112 |
| Type Of Mark: | TRADEMARK. SERVICE MARK |
| Published For Opposition: | February 14, 2006 |
| Standard Chars. Claimed: | FALSE |

**EXHIBIT 3**

**Serial Number:** 73483538 <u>Assignment Information</u>

**Registration Number:** 1329733

**Mark**



**(words only):** BIRDIE

**Standard Character claim:** No

**Current Status:** Registration canceled under Section 8.

**Date of Status:** 2006-01-14

**Filing Date:** 1984-06-04

**Transformed into a National Application:** No

**Registration Date:** 1985-04-09

**Register:** Principal

**Law Office Assigned:** (NOT AVAILABLE)

**If you are the applicant or applicant's attorney and have questions about this file, please contact the Trademark Assistance Center at <u>TrademarkAssistanceCenter@uspto.gov</u>**

**Current Location:** 900 -File Repository (Franconia)

**Date In Location:** 1990-11-20

---

## LAST APPLICANT(S)/OWNER(S) OF RECORD

---

1. RICHARD A. LESLIE COMPANY INC.

**Address:**

RICHARD A. LESLIE COMPANY INC.
7 CORPORATE DRIVE
ORANGEBURG, NY 10962
United States
**Legal Entity Type:** Corporation
**State or Country of Incorporation:** New York

---

## GOODS AND/OR SERVICES

**International Class:** 025
**Class Status:** Section 8 - Cancelled
Clothing-Namely, Jackets
**Basis:** 1(a)
**First Use Date:** 1956-00-00
**First Use in Commerce Date:** 1956-00-00

---

## ADDITIONAL INFORMATION

**Design Search Code(s):**
**21.03.01** - Balls including playground balls, beach balls, billiard balls, tennis balls, bingo balls and lottery balls; Beach balls; Billiard balls; Bingo balls; Lottery balls; Paddle balls; Playground balls; Table tennis balls; Tennis balls
**21.03.04** - Croquet mallets; Lacrosse sticks; Mallets (sports); Mallets, croquet; Mallets, polo; Polo mallets
**21.03.25** - Archery arm guards; Athletic supporters; Badminton shuttlecocks (birdies); Bags, punching; Balance beams (gymnastic); Basketball backboards; Basketball hoops; Batons, twirling; Billiard cue sticks; Boxing bags; Catcher's mask; Cues, billiard; Decoys, hunting; Diving boards; Face Masks, catcher's; Face masks (sports); Fins, swim; Goal posts, football; Gym bars (jungle gyms, monkey bars); Gymnastic apparatus; Handgrips, exercise; Hockey pucks; Horse apparatus (gymnastic); Masks, athletic; Masks, catcher's; Masks, fencing; Masks, scuba; Pads, protection (athletic); Parallel bars; Playground equipment; Pool cues; Pucks; Scuba fins or flippers; Scuba masks; Scuba snorkels; Shuttlecocks, badminton birdies; Supporters, athletic; Swim fins; Swim masks; Tees, kicking; Tennis ball throwers (mechanical device); Tetherball game; Trampolines; Twirling batons; Vaulting horses, gymnastic
**27.03.05** - Objects forming letters or numerals

---

## MADRID PROTOCOL INFORMATION

(NOT AVAILABLE)

---

## PROSECUTION HISTORY

2006-01-14 - Canceled Section 8 (10-year)/Expired Section 9

1990-10-17 - Section 8 (6-year) accepted & Section 15 acknowledged

1990-08-01 - Section 8 (6-year) and Section 15 Filed

1985-04-09 - Registered - Principal Register

1985-01-29 - Published for opposition

1985-01-16 - Notice of publication

1984-12-20 - Notice of publication

1984-11-07 - Approved for Pub - Principal Register (Initial exam)

1984-10-31 - Examiner's amendment mailed

1984-10-11 - Assigned To Examiner

---

## ATTORNEY/CORRESPONDENT INFORMATION

**Attorney of Record**
Martin E. Goldstein

**Correspondent**
MARTIN E. GOLDSTEIN
DARBY & DARBY, P.C.
805 THIRD AVENUE
NEW YORK, NY 10022

**Serial Number:** 73483537 Assignment Information

**Registration Number:** 1329732

**Mark (words only):** BIRDIE

**Standard Character claim:** No

**Current Status:** Registration canceled under Section 8.

**Date of Status:** 2006-01-14

**Filing Date:** 1984-06-04

**Transformed into a National Application:** No

**Registration Date:** 1985-04-09

**Register:** Principal

**Law Office Assigned:** (NOT AVAILABLE)

**If you are the applicant or applicant's attorney and have questions about this file, please contact the Trademark Assistance Center at TrademarkAssistanceCenter@uspto.gov**

**Current Location:** 900 -File Repository (Franconia)

**Date In Location:** 1990-10-29

---

## LAST APPLICANT(S)/OWNER(S) OF RECORD

1. RICHARD A. LESLIE COMPANY INC.

**Address:**
RICHARD A. LESLIE COMPANY INC.
7 CORPORATE DRIVE
ORANGEBURG, NY 10962
United States
**Legal Entity Type:** Corporation
**State or Country of Incorporation:** New York

---

## GOODS AND/OR SERVICES

**International Class:** 025
**Class Status:** Section 8 - Cancelled
Clothing-Namely Jackets
**Basis:** 1(a)
**First Use Date:** 1956-00-00
**First Use in Commerce Date:** 1956-00-00

---

## ADDITIONAL INFORMATION

(NOT AVAILABLE)

---

## MADRID PROTOCOL INFORMATION

(NOT AVAILABLE)

---

## PROSECUTION HISTORY

2006-01-14 - Canceled Section 8 (10-year)/Expired Section 9

1990-10-04 - Section 8 (6-year) accepted & Section 15 acknowledged

1990-08-01 - Section 8 (6-year) and Section 15 Filed

1985-04-09 - Registered - Principal Register

1985-01-29 - Published for opposition

1985-01-16 - Notice of publication

1984-12-20 - Notice of publication

1984-11-07 - Approved for Pub - Principal Register (Initial exam)

1984-10-31 - Examiner's amendment mailed

1984-10-11 - Assigned To Examiner

---

## ATTORNEY/CORRESPONDENT INFORMATION

**Attorney of Record**
MARVIN E. GOLDSTEIN

**Correspondent**
MARVIN E. GOLDSTEIN
DARBY & DARBY
805 THIRD AVENUE

NEW YORK NY 10022

**EXHIBIT 4**



◄ Prev [ 1 2 ] of 2 |Next ► | Last ►|

| Description | Sort: Best Sellers (Highest First) | Price |
|---|---|---|



**Birdie Birdie Circle Print Skirt**

☆☆☆☆☆   Be the first to write a review.
✓ 3 Months No Payment and No Interest
➤ See all Birdie Women's Skorts

In-Store Pickup Available

Now: $110.00

CHOOSE OPTIONS

**Birdie Short Sleeve Birdie Pique Polo**

☆☆☆☆☆   Be the first to write a review.
✓ 3 Months No Payment and No Interest
➤ See all Birdie Women's Short Sleeve Shirts

In-Store Pickup Available

Now: $74.00

CHOOSE OPTIONS

**Birdie Birdie Polo Dress**

☆☆☆☆☆   Be the first to write a review.
✓ 3 Months No Payment and No Interest
➤ See all Birdie Women's Dresses

In-Store Pickup Available

Now: $96.00

CHOOSE OPTIONS



### Birdie Birdie Driving Cap
☆☆☆☆☆ Be the first to write a review.
✓ 3 Months No Payment and No Interest
▶ See all Birdie Women's Headwear

Now: $35.00

In-Store Pickup Available

CHOOSE OPTIONS

### Birdie Birdie Bermuda 7/8 Pant
☆☆☆☆☆ Be the first to write a review.
✓ 3 Months No Payment and No Interest
▶ See all Birdie Women's Pants

Now: $120.00

In-Store Pickup Available

CHOOSE OPTIONS

### Birdie The Birdie Big Bag
☆☆☆☆☆ Be the first to write a review.
✓ 3 Months No Payment and No Interest
▶ See all Birdie Women's Handbags

Now: $250.00

CHOOSE OPTIONS

### Birdie Short Sleeve Keyhole Polo
☆☆☆☆☆ Be the first to write a review.
✓ 3 Months No Payment and No Interest
▶ See all Birdie Women's Short Sleeve Shirts

Now: $80.00

In-Store Pickup Available

CHOOSE OPTIONS

### Birdie Long Sleeve Full Button with Floral Placket
☆☆☆☆☆ Be the first to write a review.
✓ 3 Months No Payment and No Interest
▶ See all Birdie Women's Long Sleeve Shirts

Original: 105.00
Now: $51.96
SAVE $53

In-Store Pickup Available

CHOOSE OPTIONS

### Birdie Modern Golf Cap
☆☆☆☆☆ Be the first to write a review.
✓ 3 Months No Payment and No Interest
▶ See all Birdie Women's Headwear

Now: $38.00

In-Store Pickup Available

CHOOSE OPTIONS

### Birdie Circle Print Boy Short
☆☆☆☆☆ Be the first to write a review.
✓ 3 Months No Payment and No Interest
▶ See all Birdie Women's Shorts

Now: $34.00

In-Store Pickup Available

CHOOSE OPTIONS

### Birdie Bermuda Short with Grosgrain Detail
☆☆☆☆☆ Be the first to write a review.
✓ 3 Months No Payment and No Interest
▶ See all Birdie Women's Shorts

Original: 100.00
Now: $69.97
SAVE $30

In-Store Pickup Available

CHOOSE OPTIONS

**Category**
Accessories (7)
Apparel (17)
Golfbags & Travel (5)
Headcovers (3)
Home & Office (2)
**More...**

**Player**
Women (19)

**Brand**
Assorted (2)
Birdie (17)
Birdie Ball (4)
Birdie Girl Golf (6)
Booklegger (1)
**More...**



**Birdie Four Petal Print Boy Short**

☆☆☆☆☆ Be the first to write a review.

✔ 3 Months No Payment and No Interest

▶ See all Birdie Women's Shorts

🄶 In-Store Pickup Available

Now: $30.00

**CHOOSE OPTIONS**

---

**Birdie Baby Pique Polo**

☆☆☆☆☆ Be the first to write a review.

✔ 3 Months No Payment and No Interest

▶ See all Birdie Women's Short Sleeve Shirts

🄶 In-Store Pickup Available

Now: $74.00

**CHOOSE OPTIONS**

---

**Birdie Short Sleeve Floral Scoopneck Tee**

☆☆☆☆☆ Be the first to write a review.

✔ 3 Months No Payment and No Interest

▶ See all Birdie Women's T-Shirts

🄶 In-Store Pickup Available

Now: $105.00

**CHOOSE OPTIONS**

---

**Birdie Sleeveless Pique Polo**

☆☆☆☆☆ Be the first to write a review.

✔ 3 Months No Payment and No Interest

▶ See all Birdie Women's Short Sleeve Shirts

🄶 In-Store Pickup Available

Original: 72.00
Now: $47.97
**SAVE 33%**

**CHOOSE OPTIONS**

---

**Birdie Short Sleeve Stripe Polo**

☆☆☆☆☆ Be the first to write a review.

✔ 3 Months No Payment and No Interest

▶ See all Birdie Women's Short Sleeve Shirts

🄶 In-Store Pickup Available

Now: $94.00

**CHOOSE OPTIONS**

---

**Haas-Jordan Logo Birdie Umbrella**

☆☆☆☆☆ Be the first to write a review.

✔ 3 Months No Payment and No Interest

▶ See all Haas-Jordan Logo Accessories

Now: $16.99

**CHOOSE OPTIONS**

---

**Booklegger Yoga For Golfers: Birdie Level DVD**

☆☆☆☆☆ Be the first to write a review.

✔ 3 Months No Payment and No Interest

▶ See all Booklegger DVD

Now: $19.95

**CHOOSE OPTIONS**



**Assorted Birdie Bird Feeder**

☆☆☆☆☆  Be the first to write a review.

✓ 3 Months No Payment and No Interest

See all Assorted Outdoor Decor

In-Store Pickup Available

Now: $39.99

CHOOSE OPTIONS

**Birdie Ball Logo Birdie Ball 3 Pack in Clear Tube**

☆☆☆☆☆  Be the first to write a review.

✓ 3 Months No Payment and No Interest

Now: $10.85

CHOOSE OPTIONS

Store Locator | Contact Us | My Account | Track Orders | About Golfsmith | Careers | Affiliates | Corporate Gifts | Privacy Policy | Terms of Use | Site Map

Golf Accessories | Golf Apparel | Golf Balls | Golf Carts | Golf Clubs | Custom Golf Club Fitting | Golf Gifts & Golf Games | Golf Gift Cards | Golf Gloves | Golf Club Grips | Golf Bags & Travel | Golf Home & Office | Golf Outlet | Personalized Golf Gear | Golf Practice & Training | Pre-owned Golf Clubs | Golf Shoes | Golf Sunglasses | Teams & Collegiate | Golf Video & Books

◄ Prev [ 1 2 ] of 2  Next ► Last ►|

Copyright 2007 Golfsmith International, Inc. All rights reserved.

Sign up for exclusive email only specials and offers.  |  Deals & Updates via RSS



**EXHIBIT 5**

*** User:slawrence ***

| # | Total Marks | Dead Marks | Live Viewed Docs | Live Viewed Images | Status/ Search Duration | Search |
|---|---|---|---|---|---|---|
| 01 | 1 | 0 | 1 | 1 | 0:01 | 78922959[SN] |
| 02 | 3396 | N/A | 0 | 0 | 0:02 | *b{"iy"}rd*[bi,ti] |
| 03 | 5559 | N/A | 0 | 0 | 0:01 | *b{v}rd*[bi,ti] |
| 04 | 60 | 29 | 1 | 1 | 0:02 | 2 and ("003" a b 200)[ic] |
| 05 | 105 | N/A | 0 | 0 | 0:02 | 3 and ("003" a b 200)[ic] |
| 06 | 52 | 0 | 52 | 29 | 0:02 | 5 not dead[ld] |
| 07 | 101 | 48 | 53 | 19 | 0:01 | 3 and "006"[ic] |
| 08 | 643 | N/A | 0 | 0 | 0:02 | 3 and "009"[ic] |
| 09 | 94 | 46 | 48 | 25 | 0:02 | 3 and 014[ic] |
| 10 | 70 | 36 | 33 | 20 | 0:01 | 3 and 018[ic] |
| 11 | 494 | N/A | 0 | 0 | 0:01 | 3 and 025[ic] |
| 12 | 180 | N/A | 0 | 0 | 0:02 | 11 not dead[ld] |
| 13 | 153 | 0 | 153 | 97 | 0:01 | 12 not (6 7 9 10) |
| 14 | 277 | N/A | 0 | 0 | 0:02 | 8 not dead[ld] |
| 15 | 258 | N/A | 0 | 0 | 0:01 | 14 not (6 7 9 10 13) |
| 16 | 3396 | N/A | 0 | 0 | 0:01 | *b{"iy"}rd*[bi,ti] |
| 17 | 402 | N/A | 0 | 0 | 0:02 | 16 and ("009" a b 200)[ic] |
| 18 | 180 | N/A | 0 | 0 | 0:02 | 17 not dead[ld] |
| 19 | 170 | 0 | 170 | 88 | 0:01 | 18 not (6 7 9 10 13) |
| 20 | 1688 | N/A | 0 | 0 | 0:02 | *b{v}rd{"iye"}*[bi,ti] |
| 21 | 180 | N/A | 0 | 0 | 0:02 | 20 and ("009" a b 200)[ic] |
| 22 | 77 | N/A | 0 | 0 | 0:02 | 21 not dead[ld] |
| 23 | 0 | 0 | 0 | 0 | 0:01 | 22 not (6 7 9 10 13 21) |
| 24 | 244 | N/A | 0 | 0 | 0:01 | *b{"iy"}rd{"iye"}*[bi,ti] |
| 25 | 37 | 17 | 20 | 14 | 0:01 | 24 and (035 042 a b 200)[ic] |

Session started 12/5/2006 2:36:11 PM
Session finished 12/5/2006 2:55:34 PM
Total search duration 0 minutes 38 seconds
Session duration 19 minutes 23 seconds
Defaut NEAR limit=1 ADJ limit=1
Sent to TICRS as Serial Number: 78922959

# UNITED STATES PATENT AND TRADEMARK OFFICE

**SERIAL NO**:     78/922959

**APPLICANT**:     Birdie, LLC

**CORRESPONDENT ADDRESS**:
      ROSEMARY S. TARLTON
      MORRISON & FOERSTER LLP
      425 MARKET ST
      SAN FRANCISCO, CA 94105-2406

## *78922959*

**RETURN ADDRESS**:
Commissioner for Trademarks
P.O. Box 1451
Alexandria, VA 22313-1451

**MARK**:     BIRDIE

**CORRESPONDENT'S REFERENCE/DOCKET NO**:   610976001000

**CORRESPONDENT EMAIL ADDRESS**:

Please provide in all correspondence:

1. Filing date, serial number, mark and
   applicant's name.
2. Date of this Office Action.
3. Examining Attorney's name and
   Law Office number.
4. Your telephone number and e-mail address.

# OFFICE ACTION

**RESPONSE TIME LIMIT**:  TO AVOID ABANDONMENT, THE OFFICE MUST RECEIVE A PROPER RESPONSE TO THIS OFFICE ACTION WITHIN 6 MONTHS OF THE MAILING OR E-MAILING DATE.

**MAILING/E-MAILING DATE INFORMATION**:  If the mailing or e-mailing date of this Office action does not appear above, this information can be obtained by visiting the USPTO website at http://tarr.uspto.gov/, inserting the application serial number, and viewing the prosecution history for the mailing date of the most recently issued Office communication.

Serial Number  78/922959

The assigned examining attorney has reviewed the referenced application and determined the following.

### *Refusal With Regard to Classes 18 and 25 Only:*  Likelihood of Confusion Refusal Under Section 2(d)

The examining attorney refuses registration with regard to the class 18 and class 25 goods only under Trademark Act Section 2(d), 15 U.S.C. §1052(d), because the applicant's mark, when used on or in connection with the identified goods/services, so resembles the marks in U.S. Registration Nos. 2286401, 2367380, 2456349, 2967896, and 3131646 as to be likely to cause confusion, to cause mistake, or to deceive.  TMEP §§1207.01 *et. seq.*   See the enclosed registration.

The examining attorney must analyze each case in two steps to determine whether there is a likelihood of confusion. First, the examining attorney must look at the marks themselves for similarities in appearance, sound, connotation and commercial impression. *In re E. I. DuPont de Nemours & Co.*, 476 F.2d 1357, 177 USPQ 563 (C.C.P.A. 1973). Second, the examining attorney must compare the goods or services to determine if they are related or if the activities surrounding their marketing are such that confusion as to origin is likely. *In re August Storck KG,* 218 USPQ 823 (TTAB 1983); *In re International Telephone and Telegraph Corp.*, 197 USPQ 910 (TTAB 1978); *Guardian Products Co., v. Scott Paper Co.*, 200 USPQ 738 (TTAB 1978). TMEP §§1207.01 *et. seq.*

Applicant seeks to register the mark BIRDIE for, in relevant part, "Bags, namely satchels and travel bags;; Bags, namely tote bags, golf bags, shoulder bags, cosmetic bags, purses, clutches, and wallets, all sold empty; umbrellas" and "Women's golf clothing, namely, golf shirts, wind shirts, golf sweaters, golf jackets, golf pants, golf shorts, golf skirts, skorts, golf caps, golf visors, golf gloves; women's clothing, namely shirts, t-shirts, tank tops, polo shirts, sweaters, blouses, jackets, blazers, skirts, dresses, pants, shorts, hats, caps, visors, and sweatshirts;; Women's golf clothing, namely golf socks and golf shoes; women's clothing, namely, underwear, sports bras, sweatpants, socks, shoes, bathing suits, belts, and scarves; men's golf clothing, namely, golf shirts, wind shirts, golf sweaters, golf jackets, golf pants, golf shorts, golf caps, golf visors, golf gloves, golf socks and golf shoes; men's clothing, namely shirts, t-shirts, polo shirts, sweaters, jackets, blazers, pants, shorts, hats, caps, visors, sweatshirts, sweatpants, underwear, socks, shoes, bathing suits, and belts; children's golf clothing, namely, golf shirts, wind shirts, golf sweaters, golf jackets, golf pants, golf shorts, golf skirts, skorts, golf caps, golf visors, golf gloves, golf socks and golf shoes; children's clothing, namely shirts, t-shirts, tank tops, polo shirts, sweaters, blouses, jackets, blazers, skirts, dresses, pants, shorts, hats, caps, visors, sweatshirts, sweatpants, underwear, socks, shoes, bathing suits, and belts."

Marks may be confusingly similar in appearance notwithstanding the addition, deletion, or substitution of letters or words. *Weiss Assoc. Inc. v. HRL Assoc.,* 14 USPQ2d 1840 (Fed. Cir. 1990) (TMM held confusingly similar to TMS); *Gillette Canada Inc. v. Ranir Corp.*, 23 USPQ2d 1768 (TTAB 1992) (ORAL-ANGLE held likely to be confused with ORAL-B); *Jockey Int'l, Inc. v. Mallory & Church Corp.,* 25 USPQ2d 1233 (TTAB 1992) (ELAAN stylized held likely to be confused with ELANCE); *Crocker National Bank v. Canadian Imperial Bank of Commerce*, 228 USPQ 689 (TTAB 1986) (COMMCASH likely to be confused with COMMUNICASH); *In re Pellerin Milnor Corp.*, 221 USPQ 558 (TTAB 1983) (MILTRON  likely to be confused with MILLTRONICS (stylized)). TMEP section 1207.01(b)(iii).

When applicant's mark is compared to a registered mark, "the points of similarity are of greater importance than the points of difference." *Esso Standard Oil Co. v. Sun Oil Co.*, 229 F.2d 37, 40, 108 USPQ 161 (D.C. Cir. 1956) (internal citation omitted). Moreover, regarding the issue of likelihood of confusion, the question is not whether people will confuse the marks, but whether the marks will confuse people into believing that the goods they identify come from the same source. *In re West Point-Pepperell, Inc.,* 468 F.2d 200, 175 USPQ 558 (C.C.P.A. 1972). For that reason, the test of likelihood of confusion is not whether the marks can be distinguished when subjected to a side-by-side comparison. The question is whether the marks create the same overall impression. *Recot, Inc. v. M.C. Becton,* 214 F.2d 1322, 54 USPQ2d 1894, 1890 (Fed. Cir. 2000); *Visual Information Inst., Inc. v. Vicon Indus. Inc.*, 209 USPQ 179 (TTAB 1980). The focus is on the recollection of the average purchaser who normally retains a general rather than specific impression of trademarks. *Chemetron Corp. v. Morris Coupling & Clamp Co.*, 203 USPQ 537 (TTAB 1979); *Sealed Air Corp. v. Scott Paper Co.*, 190 USPQ 106 (TTAB 1975); TMEP §1207.01(b).

Further, the examining attorney must look at the marks in their entireties under Section 2(d). Nevertheless, one feature of a mark may be recognized as more significant in creating a commercial impression. Greater weight is given to that dominant feature in determining whether there is a likelihood of confusion. *In re National Data Corp.*, 224 USPQ 749 (Fed. Cir.

1985); *Tektronix, Inc. v. Daktronics, Inc.*, 534 F.2d 915, 189 USPQ 693 (CCPA 1976). *In re J.M. Originals Inc.*, 6 USPQ2d 1393 (TTAB 1988). TMEP section 1207.01(b)(viii). As a general rule, consumers are more inclined to focus on the first word, prefix or syllable in any trademark or service mark. *See Palm Bay Imps., Inc. v. Veuve Clicquot Ponsardin Maison Fondee En 1772*, 396 F. 3d 1369, 1372, 73 USPQ2d 1689, 1692 (Fed. Cir. 2005); *see also Presto Prods., Inc. v. Nice-Pak Prods., Inc.*, 9 USPQ2d 1895, 1897 (TTAB 1988) ("it is often the first part of a mark which is most likely to be impressed upon the mind or a purchaser and remembered" when making purchasing decisions). When a mark consists of a word portion and a design portion, the word portion is more likely to be impressed upon a purchaser's memory and to be used in calling for the goods or services. Therefore, the word portion is normally accorded greater weight in determining likelihood of confusion. *In re Dakin's Miniatures Inc.*, 59 USPQ2d 1593, 1596 (TTAB 1999); *In re Appetito Provisions Co.*, 3 USPQ2d 1553 (TTAB 1987); *Amoco Oil Co. v. Amerco, Inc.*, 192 USPQ 729 (TTAB 1976); TMEP §1207.01(c)(ii).

Finally, a mark in typed or standard character form means that the mark may be displayed in any lettering style. 37 C.F.R. §2.52(a). The rights associated with a mark in typed or standard character form reside in the wording itself, and registrant or applicant is free to adopt any style of lettering, including lettering identical to that used by the other. Therefore, where one mark at issue is in special form and the other in standard character form or typed, a likelihood of confusion will not be avoided because the standard character or typed mark could be used in the same manner of display as the stylized mark. *See In re Melville Corp.*, 18 USPQ2d 1386, 1387-88 (TTAB 1991); *In re Pollio Dairy Prods. Corp.*, 8 USPQ2d 2012, 2015 (TTAB 1988); *Sunnen Prods. Co. v. Sunex Int'l Inc.*, 1 USPQ2d 1744, 1747 (TTAB 1987); *In re Hester Indus., Inc.*, 231 USPQ 881, 882, n.6 (TTAB 1986); *United Rum Merchants, Ltd. v. Fregal, Inc.*, 216 USPQ 217, 220 (TTAB 1982); *Frances Denney, Inc. v. Vive Parfums, Ltd.*, 190 USPQ 302, 303-04 (TTAB 1976); TMEP §1207.01(c)(iii).

In this instance, applicant's mark is simply the term BIRDIE in standard character format; registrants' marks are BIRDIEPAL (with a slight design and stylization) (Reg. No. 2286401), BIRDIE THE BEST SHOT UNDER PAR (and design) (Reg. No. 2367380), BIRDIE JACKETS (with a slight design and stylization) (Reg. No. 2456349), BIRDIE (typed) (Reg. No. 2967896), and BIRDIE BRAND GOLF (standard character format) (Reg. No 3131646).

The entirety of applicant's mark is identical to the entirety or dominant (first) portion of each of registrants' marks. Moreover, because applicant's mark is in standard character format, applicant would be permitted to use its mark in any fashion – including one identical to that of any of these registrants. Accordingly, the marks are confusingly similar in appearance, sound, connotation and overall commercial impression.

The goods of the parties need not be identical or directly competitive to find a likelihood of confusion. They need only be related in some manner, or the conditions surrounding their marketing be such, that they could be encountered by the same purchasers under circumstances that could give rise to the mistaken belief that the goods come from a common source. *In re Martin's Famous Pastry Shoppe, Inc.*, 748 F.2d 1565, 223 USPQ 1289 (Fed. Cir. 1984); *In re Corning Glass Works*, 229 USPQ 65 (TTAB 1985); *In re Rexel Inc.*, 223 USPQ 830 (TTAB 1984); *Guardian Products Co. v. Scott Paper Co.*, 200 USPQ 738 (TTAB 1978); *In re International Telephone & Telegraph Corp.*, 197 USPQ 910 (TTAB 1978).

A determination of whether there is a likelihood of confusion is made solely on the basis of the goods and/or services identified in the application and registration, without limitations or restrictions that are not reflected therein. *In re Dakin's Miniatures Inc.*, 59 USPQ2d 1593, 1595 (TTAB 1999). If the cited registration describes the goods and/or services broadly and there are no limitations as to their nature, type, channels of trade or classes of purchasers, then it is presumed that the registration encompasses all goods and/or services of the type described, that they move in all normal channels of trade, and that they are available to all potential customers. *In re Linkvest S.A.*, 24 USPQ2d 1716 (TTAB 1992); *In re Elbaum*, 211 USPQ 639 (TTAB 1981); TMEP §1207.01(a)(iii).

Here, with regard to each of registrants' goods, applicant's goods are not just highly related to those goods, but appear to be identical.  There can be no doubt then that such goods will travel through the same channels of trade and be encountered by the same class of purchasers who will mistakenly believe that such goods come from the same source.

Accordingly, with regard to the goods in classes 18 and 25, applicant's mark is refused registration under Section 2(d) of the Trademark Act.

Although the examining attorney has refused registration, applicant may respond to the refusal to register by submitting evidence and arguments in support of registration.

### *Potential Refusal With Regard to Classes 3, 14, and 25:*  **Prior Pending Applications**

Additionally, applicant should note that the examining attorney encloses information regarding pending Application Serial Nos. 78/451944, 78/503915, and 79/026053.  The filing dates of the referenced applications precede applicant's filing date. There may be a likelihood of confusion between applicant's mark and the referenced marks under Trademark Act Section 2(d), 15 U.S.C. Section 1052(d).  If the referenced applications mature into registrations, the examining attorney may refuse registration in this case under Section 2(d).  37 C.F.R. Section 2.83; TMEP sections 1208.01 and 1208.01(b).

### *Requirement:*  **Classification of Goods**

The applicant must adopt the appropriate international classification for the specified goods. The *International Classification of Goods and Services for the Purposes of the Registration of Marks*, developed by the World Intellectual Property Organization, classifies every product and service into one of forty#two classes.  The Patent and Trademark Office uses this system to classify goods and services.  37 C.F.R. Section 6.1; TMEP section 1401 *et seq*.

The goods "golf bags" currently classified  in class 18 are properly classified in class 28; applicant must amend the application accordingly.

### *Requirement:*   **Requirements for a Multiple-Class Application Based on Section 1(a)**

If applicant prosecutes this application as a combined, or multiple#class application, then applicant must comply with each of the requirements below for those goods and/or services based on actual use in commerce under Trademark Act Section 1(a):

   (1)  Applicant must list the goods/services by international class with the classes listed in ascending numerical order;

   (2)  Applicant must submit a filing fee for each international class of goods and/or services not covered by the fee already paid; and

   (3)  For each additional class of goods and/or services, applicant must submit:

(a)  <u>dates</u> of first use of the mark anywhere and dates of first use of the mark in commerce, or a statement that the dates of use in the initial application apply to that class; the dates of use, both anywhere and in commerce, must be at least as early as the filing date of the application;

(b)  one <u>specimen</u> showing use of the mark for each class of goods and/or services; the specimen must have been in use in commerce at least as early as the filing date of the application;

(c)  a <u>statement</u> that "the specimen was in use in commerce on or in connection with the goods and/or services listed in the application at least as early as the filing date of the application;" and

(d)  <u>verification</u> of the statements in 3(a) and 3(c) in an affidavit or a signed declaration under 37 C.F.R. §2.20. (NOTE:  Verification is *not* required where (1) the dates of use for the added class are stated to be the same as the dates of use specified in the initial application, or (2) the original specimens are acceptable for the added class.)

37 C.F.R. §§2.6, 2.34(a), 2.59, 2.71(c), and 2.86(a); TMEP §§810.10, 904.09, 1403.01 and 1403.02(c).

***

*<u>Requirement:</u>*  **Requirements for a Multiple-Class Application Based on Section 1(b)**

If applicant prosecutes this application as a combined, or multiple#class, application, applicant must comply with each of the following.

(1)  Applicant must list the goods and/or services by international class with the classes listed in ascending numerical order.  TMEP § 1403.01; and

(2)  Applicant must submit a filing fee for each international class of goods and/or services not covered by the fee already paid.  37 C.F.R. §2.86(a)(2); TMEP §§810.01 and 1403.01.

*<u>Responding to This Office Action</u>*

No set form is required for response to this Office action.  Applicant must respond to each point raised.  Applicant should simply set forth the required changes or statements and request that the Office enter them.

If applicant has any questions or needs assistance in responding to this Office action, please telephone the assigned examining attorney.

/Susan Kastriner Lawrence/

Trademark Examining Attorney

Law Office 116

(571) 272-9186

**HOW TO RESPOND TO THIS OFFICE ACTION:**
- ONLINE RESPONSE:  You may respond using the Office's Trademark Electronic Application System (TEAS) Response to Office action form available on our website at http://www.uspto.gov/teas/index.html.  If the Office action issued via e-mail, you must wait 72 hours after receipt of the Office action to respond via TEAS.  **NOTE:  Do not respond by e-mail.  THE USPTO WILL NOT ACCEPT AN E-MAILED RESPONSE**.
- REGULAR MAIL RESPONSE:  To respond by regular mail, your response should be sent to the mailing return address above, and include the serial number, law office number, and examining attorney's name.  **NOTE:  The filing date of the response will be the *date of receipt in the Office*,** not the postmarked date.  To ensure your response is timely, use a certificate of mailing.  37 C.F.R. §2.197.

**STATUS OF APPLICATION:** To check the status of your application, visit the Office's Trademark Applications and Registrations Retrieval (TARR) system at http://tarr.uspto.gov.

**VIEW APPLICATION DOCUMENTS ONLINE:** Documents in the electronic file for pending applications can be viewed and downloaded online at http://portal.uspto.gov/external/portal/tow.

**GENERAL TRADEMARK INFORMATION:** For general information about trademarks, please visit the Office's website at http://www.uspto.gov/main/trademarks.htm

**FOR INQUIRIES OR QUESTIONS ABOUT THIS OFFICE ACTION, PLEASE CONTACT THE ASSIGNED EXAMINING ATTORNEY SPECIFIED ABOVE.**

**Print: Dec 5, 2006**                              **75344706**

## DESIGN MARK

**Serial Number**
75344706

**Status**
REGISTERED

**Word Mark**
BIRDE THE BEST SHOT UNDER PAR

**Standard Character Mark**
No

**Registration Number**
2367380

**Date Registered**
2000/07/18

**Type of Mark**
TRADEMARK

**Register**
PRINCIPAL

**Mark Drawing Code**
(3) DESIGN PLUS WORDS, LETTERS AND/OR NUMBERS

**Owner**
Johnson, Gregory D'wayne DBA Gregory D'wayne Johnson and Company
INDIVIDUAL UNITED STATES 15035 Westpark Dr. #110 Houston TEXAS 77082

**Goods/Services**
Class Status -- ACTIVE.   IC 025.   US  022 039.  G & S: clothing,
namely, tee shirts, polo shirts, shorts, jeans, jackets, sweaters,
socks, coats, casual shoes and golf shoes.  First Use: 1994/04/19.
First Use In Commerce: 1994/04/19.

**Lining/Stippling Statement**
The drawing is lined for the color(s) red, yellow and blue green.

**Description of Mark**
The mark consists of a bird holding a golf club, the word, "BIRDE",
with the letter "e" reversed and the phrase, "THE BEST SHOT UNDER
PAR".

**Filing Date**
1997/08/21

**Examining Attorney**

-1-

**Print: Dec 5, 2006**                              **75344706**

LAMB, PAUL



**Print: Dec 5, 2006**                           **75390497**

## DESIGN MARK

**Serial Number**
75390497

**Status**
SECTION 8 & 15-ACCEPTED AND ACKNOWLEDGED

**Word Mark**
BIRDIEPAL

**Standard Character Mark**
No

**Registration Number**
2286401

**Date Registered**
1999/10/12

**Type of Mark**
TRADEMARK

**Register**
PRINCIPAL

**Mark Drawing Code**
(3) DESIGN PLUS WORDS, LETTERS AND/OR NUMBERS

**Owner**
EBERHARD GOBEL GMBH & CO. PARTNERSHIP FED REP GERMANY Griesgasse 13
89077 Ulm/Donau FED REP GERMANY

**Goods/Services**
Class Status -- ACTIVE.  IC 018.  US  001 002 003 022 041.  G & S:
UMBRELLAS.  First Use: 1999/02/01.  First Use In Commerce: 1999/02/01.

**Filing Date**
1997/11/14

**Examining Attorney**
MICHELI, ANGELA M.

**Attorney of Record**
HERBERT DUBNO



**Print: Dec 5, 2006**                    **75810716**

## DESIGN MARK

**Serial Number**
75810716

**Status**
REGISTERED

**Word Mark**
BIRDIE JACKETS

**Standard Character Mark**
No

**Registration Number**
2456349

**Date Registered**
2001/05/29

**Type of Mark**
TRADEMARK

**Register**
PRINCIPAL

**Mark Drawing Code**
(3) DESIGN PLUS WORDS, LETTERS AND/OR NUMBERS

**Owner**
RICHARD A. LESLIE COMPANY, INC. CORPORATION NEW YORK 7 Corporate Drive
Orangeburg NEW YORK 109622615

**Goods/Services**
Class Status -- ACTIVE.  IC 025.  US  022 039.  G & S: CLOTHING,
NAMELY JACKETS.  First Use: 1999/10/01.  First Use In Commerce:
1999/10/01.

**Prior Registration(s)**
1329732;1329733

**Disclaimer Statement**
NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "JACKETS" APART FROM
THE MARK AS SHOWN.

**Lining/Stippling Statement**
The stippling is for shading purposes only and does not indicate
color.

**Filing Date**
1999/09/29

**Print: Dec 5, 2006**                     **75810716**


**Examining Attorney**
RILEY, CAITLIN

**Attorney of Record**
Elliot R. Basner



**Print: Dec 5, 2006**                              **76546910**

## DESIGN MARK

**Serial Number**
76546910

**Status**
REGISTERED

**Word Mark**
BIRDIE

**Standard Character Mark**
No

**Registration Number**
2967896

**Date Registered**
2005/07/12

**Type of Mark**
TRADEMARK

**Register**
PRINCIPAL

**Mark Drawing Code**
(1) TYPED DRAWING

**Owner**
BIRDIE CO., LTD. CORPORATION JAPAN 16-12 Shoto 1-chome Shibuya-ku
Tokyo 150-0046 JAPAN

**Goods/Services**
Class Status -- ACTIVE.  IC 018.  US  001 002 003 022 041.  G & S:
WALLETS, BRIEFCASES, SUITCASES, HANDBAGS, HAND LUGGAGE; CLOTHING FOR
PET ANIMALS, INCLUDING DOG'S SHOES, DOG'S COLLAR, DOG'S CLOTHING,
DOG'S COVER.  First Use: 1992/05/00.  First Use In Commerce:
2004/01/00.

**Filing Date**
2003/09/10

**Examining Attorney**
KING, CHRISIE B.

**Attorney of Record**
WILLIAM A. DRUCKER

**BIRDIE**

**Print: Dec 5, 2006**                                    **76615558**

**DESIGN MARK**

**Serial Number**
76615558

**Status**
REGISTERED

**Word Mark**
BIRDIE BRAND GOLF

**Standard Character Mark**
Yes

**Registration Number**
3131646

**Date Registered**
2006/08/22

**Type of Mark**
TRADEMARK; SERVICE MARK

**Register**
PRINCIPAL

**Mark Drawing Code**
(4) STANDARD CHARACTER MARK

**Owner**
Pekar, Donna M. INDIVIDUAL UNITED STATES 732 Kawana Road Columbia
SOUTH CAROLINA 29205

**Goods/Services**
Class Status -- ACTIVE.  IC 025.  US  022 039.  G & S: Clothing,
namely shirts and visors.  First Use: 2004/12/22.  First Use In
Commerce: 2004/12/22.

**Goods/Services**
Class Status -- ACTIVE.  IC 040.  US  100 103 106.  G & S: Custom
manufacture of embroidered golf theme apparel to the order and
specification of others, namely shirts and visors.  First Use:
2004/12/22.  First Use In Commerce: 2004/12/22.

**Disclaimer Statement**
NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "BRAND GOLF" APART FROM
THE MARK AS SHOWN.

**Filing Date**
2004/10/13

-1-

**Print: Dec 5, 2006**                    **76615558**

**Examining Attorney**
WISEMAN, MICHELLE

**Attorney of Record**
Suanne M.  Ansari

Birdie Brand Golf

**Print: Dec 5, 2006**                          **78451944**

## DESIGN MARK

**Serial Number**
78451944

**Status**
NOTICE OF ALLOWANCE - ISSUED

**Word Mark**
BIRDIE

**Standard Character Mark**
Yes

**Type of Mark**
TRADEMARK

**Register**
PRINCIPAL

**Mark Drawing Code**
(4) STANDARD CHARACTER MARK

**Owner**
Diamond, Stan INDIVIDUAL UNITED STATES 2500 Sawmill Rd. #1611 Santa Fe
NEW MEXICO 87505

**Goods/Services**
Class Status -- ACTIVE.  IC 003.  US  001 004 006 050 051 052.  G & S:
Beauty and hair care products, namely, shampoos, hair conditioners,
face creams, skin creams, skin soaps, and fragrances for personal use.

**Filing Date**
2004/07/16

**Examining Attorney**
DWYER, JOHN

-1-

Birdie

**Print: Dec 5, 2006**                                    **78503915**

## DESIGN MARK

**Serial Number**
78503915

**Status**
REPORT COMPLETED SUSPENSION CHECK - CASE STILL SUSPENDED

**Word Mark**
BIRDIE

**Standard Character Mark**
No

**Type of Mark**
TRADEMARK

**Register**
PRINCIPAL

**Mark Drawing Code**
(3) DESIGN PLUS WORDS, LETTERS AND/OR NUMBERS

**Owner**
Robert Sutton INDIVIDUAL UNITED STATES 6782 S. Potomac Street
Centennial COLORADO 80112

**Goods/Services**
Class Status -- ACTIVE. IC 025. US 022 039. G & S: Women's golf
clothing, namely, golf shirts, wind shirts, golf sweaters, golf vests,
golf pants, golf shorts, golf skirts, skorts, golf caps, golf visors,
golf socks and golf shoes; women's clothing, namely shirts, pants,
shorts, sweaters, blouses, skirts, dresses, vests, hats, caps, visors,
socks, shoes, sweatshirts, sweatpants.

**Filing Date**
2004/10/21

**Examining Attorney**
GAYNOR, BARBARA

**Attorney of Record**
Lew Hansen



**Print: Dec 5, 2006**                     **79026053**                     **Issue: 0000/00/00**

## DESIGN MARK

**Serial Number**
79026053

**Status**
PUBLISHED FOR OPPOSITION

**Word Mark**
JUST BIRDIE

**Standard Character Mark**
No

**Type of Mark**
TRADEMARK; SERVICE MARK

**Register**
PRINCIPAL

**Mark Drawing Code**
(3) DESIGN PLUS WORDS, LETTERS AND/OR NUMBERS

**Owner**
Chantal BLINT INDIVIDUAL FRANCE Clos St Anne - Route des Carles
F-83990 ST TROPEZ FRANCE

**Owner**
Albert BLINT INDIVIDUAL FRANCE Clos St Anne - Route des Carles F-83990
ST TROPEZ FRANCE

**Goods/Services**
Class Status -- ACTIVE.  IC 014.  US  002 027 028 050.  G & S:
Jewelry; bracelets; jewelry chains; and key rings of precious metal.

**Goods/Services**
Class Status -- ACTIVE.  IC 018.  US  001 002 003 022 041.  G & S:
Leather; imitation leather; trunks; valises; umbrellas; parasols;
walking sticks; whips; harnesses and saddlery; wallets; purses;
handbags; rucksacks; traveling bags; traveling bags with rollers;
beach bags; and school bags.

**Goods/Services**
Class Status -- ACTIVE.  IC 025.  US  022 039.  G & S: Shirts;
T-shirts; polo shirts; pants; jackets; coats; shoes; sweaters;
pullovers; headwear; ear muffs; headbands; wrist bands; gloves;
scarves; hosiery; neckties; socks; slippers; sports shoes; and
underwear.

**Goods/Services**
Class Status -- ACTIVE.  IC 038.  US  100 101 104.  G & S: Providing

**-1-**

**Print: Dec 5, 2006**                    **79026053**                    **Issue: 0000/00/00**

telecommunications connections to a global computer network.

**Priority Date**
2005/05/23

**Colors Claimed**
The colors green, yellow and white are claimed as a feature of the
mark.

**Part of Mark In Color**
The color green appears in the background of the mark and in the
lining around the letters in the term BIRDIE; the color yellow appears
in the background around the letters in the term BIRDIE and in the
border around the mark; and the color white appears in the wording
JUST BIRDIE.

**Filing Date**
2005/10/28

**Examining Attorney**
KING, LINDA



**EXHIBIT 6**

07 CV 5933

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUDGE KAPLAN

------------------------------------------------------------x

Richard A Leslie Co., Inc.,

      Plaintiff,

           v.

Birdie, LLC, and Golfsmith International
Holdings, Inc.,

      Defendants.

------------------------------------------------------------x

CIVIL COMPLAINT

-CV-    JUN 2 2 2007

U.... .. .D N.Y.
CASHIERS

JURY TRIAL DEMANDED

### The Parties

1.     Plaintiff is a New York corporation with a place of business at 560 Route 303,
Suite 208 Orangeburg, NY 10962.

2.     Defendant Birdie LLC, upon information an belief, is a Colorado limited liability
company with offices at 5690 DTC Blvd, Suite 340W, Greenwood Village, CO 80111 and a
place of business at 724 Battery Street First Floor San Francisco, CA 94111

3.     Defendant Golfsmith International Holdings, Inc. ("Golfsmith"), upon
information and belief, is a Delaware corporation with a place of business at 11000 N. IH-35,
Austin, Texas 78753.

### Nature of the Action

4.     This action is brought in part under Lanham Act § 43(a), 15 U.S.C. § 1125(a).

5.     This action is brought in part under Lanham Act § 32, 15 U.S.C. § 1114.

6.    This action is brought in part under New York State common law for trademark infringement.

## Jurisdiction and Venue

7.    Jurisdiction is proper under 28 U.S.C. §§ 1331 and 1338.

8.    Jurisdiction for the state false advertising cause of action is proper under 28 U.S.C. § 1367.

9.    Jurisdiction if further proper under N.Y.C.P.L.R. § 302(a).

10.    Venue is proper under 28 U.S.C. § 1391(b)(2) and 28 U.S.C. § 1391(c).

## Facts

11.    Plaintiff is owner of the mark "Birdie" for clothing, including jackets.

12.    Plaintiff, itself and through the related company and/or predecessor in interest Globe Sport Products, has utilized its "Birdie" mark in commerce since no later than 1956. Its use has been substantively continuous and conspicuous and national in scope since that time.

13.    Plaintiff is owner of federal trademark registration no. 2,456,349 for a stylized version of "Birdie Jackets". In this registration, Plaintiff has disclaimed the term "Jackets", rendering the dominant portion of the registered mark "Birdie".

14.    Plaintiff was owner of federal trademark registration nos. 1,329,733 and 1,329,732 for the mark "Birdie" in stylized and non-stylized forms. The Trademark Office cancelled these registrations based on Plaintiff's inadvertent failure to file certain affidavits required by section 8 of the Lanham Act.

15.    Plaintiff presently has pending an application for federal trademark registration for the mark "Birdie" for "jackets; golf apparel and sportswear."

16.     In or about May, 2007, Defendant Birdie, LLC contacted Plaintiff regarding Plaintiff's "Birdie" mark.  Defendant Birdie, LLC indicated to Plaintiff that Birdie, LLC wished to license or purchase Plaintiff's "Birdie" mark.  As a result of this communication, Plaintiff and Defendant Birdie, LLC entered into negotiations for the licensing or sale of Plaintiff's "Birdie" mark.

17.     Upon information and belief, at some time after the negotiations commenced, Defendant Birdie, LLC erroneously and in bad faith concluded that it no longer was necessary to obtain rights to Plaintiff's "Birdie" mark in order to use Plaintiff's "Birdie" mark in commerce, and so ceased negotiating with Plaintiff in good faith.

18.     At all relevant times, Plaintiff has clearly indicated to Defendant Birdie, LLC that Birdie, LLC's use of the mark "Birdie" for clothing infringed Plaintiff's "Birdie" mark.  At all relevant times, Defendant Birdie, LLC has been aware of Plaintiff's rights in the "Birdie" mark.

19.     Upon information and belief, Defendant Birdie, LLC has intentionally and with conscious disregarded of Plaintiff's rights used the mark "Birdie" for clothing by offering for sale and selling clothing and other items bearing the mark "Birdie".

20.     Defendant Birdie LLC is owner of the following federal trademark registrations and pending applications:

| Mark | Serial No. | Reg. No. | Goods |
|------|-----------|----------|-------|



Serial No. 78503915

Goods: Women's golf clothing, namely, golf shirts, wind shirts, golf sweaters, golf vests, golf pants, golf shorts, golf skirts, skorts, golf caps, golf visors, golf socks and golf shoes; women's clothing, namely shirts, pants, shorts, sweaters, blouses, skirts, dresses, vests, hats, caps, visors, socks, shoes, sweatshirts, sweatpants

Mark: Birdie

Serial No. 78922959

Goods: Women's golf clothing, namely, golf shirts, wind shirts, golf sweaters, golf jackets, golf pants, golf shorts, golf skirts, skorts, golf caps, golf visors, golf gloves; women's clothing, namely shirts, t-shirts, tank tops, polo shirts, sweaters, blouses, jackets, blazers, skirts, dresses, pants, shorts, hats, caps, visors, and sweatshirts;(Based on Intent to Use) Women's golf clothing, namely golf socks and golf shoes; women's clothing, namely, underwear, sports bras, sweatpants, socks, shoes, bathing suits, belts, and scarves; men's golf clothing, namely, golf shirts, wind shirts, golf sweaters, golf jackets, golf pants, golf shorts, golf caps, golf visors, golf gloves, golf socks and golf shoes; men's clothing, namely shirts, t-shirts, polo shirts, sweaters, jackets, blazers, pants, shorts, hats, caps, visors, sweatshirts, sweatpants, underwear, socks, shoes, bathing suits, and belts; children's golf clothing, namely, golf shirts, wind shirts, golf sweaters, golf jackets, golf pants, golf shorts, golf skirts, skorts, golf caps, golf visors, golf gloves, golf socks and golf shoes; children's clothing, namely shirts, t-shirts, tank tops, polo shirts, sweaters, blouses, jackets, blazers, skirts, dresses, pants, shorts, hats, caps, visors, sweatshirts, sweatpants, underwear, socks, shoes, bathing suits, and belts.

| Mark | Serial No. | Reg. No. | Goods |
|------|-----------|----------|-------|
| BIRDIEBRAND GOLF.COM | 76615561 | 3164395 | Manufacturer of embroidered golf theme apparel, namely shirts, vests, hats, visors, wind shirts, and jackets to the order and specification of others. |
| EVERYONE WANTS A BIRDIE | 76615560 | 3089162 | Custom manufacture of embroidered golf theme apparel to the order and specification of others, namely shirts, vests, hats, visors, windshirts and jackets. |
| BIRDIE BRAND GOLF | 76615558 | 3131646 | Clothing, namely shirts and visors; Custom manufacture of embroidered golf theme apparel to the order and specification of others, namely shirts and visors. |

21.    The marks contained in the foregoing applications and registrations, when used in connection with the goods listed, infringe upon Plaintiff's "Birdie" mark.

22.    Upon information and belief, Defendant Birdie, LLC obtained the registrations 3,131,646, 3,089,162 and 3,164,395 via assignment from a common previous registrant.  Upon further information and belief, the assignment was an invalid "naked" assignment.

23.    Upon information and belief, Defendant Birdie, LLC does not provide and has no intention of providing services in the nature of the manufacturer of embroidered golf theme apparel to the order and specification of others, and therefore has abandoned the foregoing marks in connection with such services.

24.    Defendant Golfsmith is a retailer of golf and other sporting related goods.

25.    Upon information and belief, Defendant Golfsmith sells via the internet and through physical retail locations.  Upon further information and belief, Defendant Golfsmith has physical retail locations in Manhattan, Carle Place, East Northport, and Scarsdale, New York, among other locations.

5

26.     Upon information and belief, Defendant Golfsmith has offered for sale, offers for sale, has sold and sells Defendant Birdie, LLC's clothing bearing the mark "Birdie".

## First Count
## Trademark Infringement under 15 U.S.C. 1125(a)

27.     Plaintiff hereby incorporates the allegations of paragraph 1 through 26 as if stated fully herein.

28.     Defendants have infringed Plaintiff's trademark in violation of Lanham Act § 43(a), 15 U.S.C. § 1125(a).

29.     Defendants' infringing conduct has caused and is causing substantial and irreparable injury and damage to Plaintiff in an amount not capable of determination, and, unless restrained, will cause further irreparable injury, leaving the Plaintiff with no adequate remedy at law.

30.     Plaintiff has been and continues to be irreparably harmed by Defendants' past and continuing violation of Lanham Act § 43(a), 15 U.S.C. § 1125.

## Second Count
## Trademark Infringement under 15 U.S.C. 1114

31.     Plaintiff hereby incorporates the allegations of paragraph 1 through 26 as if stated fully herein.

32.     Defendants have infringed Plaintiff's registered trademark no. 2,456,349 in violation of Lanham Act § 32, 15 U.S.C. § 1114.

33.     Defendants' infringing conduct has caused and is causing substantial and irreparable injury and damage to Plaintiff in an amount not capable of determination, and, unless

restrained, will cause further irreparable injury, leaving the Plaintiff with no adequate remedy at law.

34.    Plaintiff has been and continues to be irreparably harmed by Defendants' past and continuing violation of Lanham Act § 32, 15 U.S.C. § 1114.

## Third Count
## Common Law Trademark Infringement

35.    Plaintiff hereby incorporates the allegations of paragraph 1 through 26 as if stated fully herein.

36.    Defendants have infringed Plaintiff's trademark in violation of New York State common law.

37.    Defendants' infringing conduct has caused and is causing substantial and irreparable injury and damage to Plaintiff in an amount not capable of determination, and, unless restrained, will cause further irreparable injury, leaving the Plaintiff with no adequate remedy at law.

38.    Plaintiff has been and continues to be irreparably harmed by Defendants' past and continuing violation of Plaintiff's common law trademark rights.

## Prayer for Relief

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor Plaintiff:

a.    Awarding actual damages to Plaintiff in an amount to be determined;

b.    Ordering an accounting of Defendants' profits and awarding the amount of such profits to Plaintiff;

c.    Awarding exemplary damages to Plaintiff in an amount equal to three times the actual damages and profits awarded;

7

      d.      Awarding Plaintiff its costs and attorneys' fees;

      e.      Permanently enjoining Defendant from all use of the mark "Birdie" and confusingly similar variations thereof;

      f.      Requiring Defendant to undertake remediative action, to be approved by the Court, designed to correct the confusion caused by Defendants' use of Plaintiff's "Birdie" mark;

      g.      Requiring Defendants to recall and destroy all infringing articles;

      h.      Cancelling Defendant Birdie, LLC's trademark registrations and pending applications; and

      i.      Providing all other equitable relief that the Court deems just and proper.

Respectfully submitted,
Richard A Leslie Co., Inc.,
by its attorney,

Jeffrey Sonnabend (JS1243)
SonnabendLaw
600 Prospect Avenue
Brooklyn, NY 11215-6012
718-832-8810
JSonnabend@SonnabendLaw.com

Dated: June 21, 2007

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------x
Richard A Leslie Co., Inc.,

      Plaintiff,

           v.

Birdie, LLC, and Golfsmith International
Holdings, Inc.,

      Defendants.
----------------------------------------------------------x

                  DECLARATION OF JULES
                  BRAUN

                  07-cv-5933 (LAK)

I, Jules Braun, hereby declare the following:

1.     From approximately 1987 to the present, I have been familiar with the Richard A.
Leslie Co., Inc. and its products. Originally, I became aware of Richard A. Leslie Co., Inc. and
its products after seeing Richard A. Leslie Co., Inc. displays at trade shows and through other
industry channels.

2.     Richard A. Leslie Co., Inc. displayed and sold "Birdie" branded golf jackets at
each and every trade show at which I saw Richard A. Leslie Co., Inc. I understood "Birdie" to be
Richard A. Leslie Co., Inc.'s brand of golf jacket.

3.     From approximately 1998 or 1999 to approximately March, 2007, I was a sales
representative for Richard A. Leslie Co., Inc.

4.     At all times during which I was a sales representative for Richard A. Leslie Co.
Inc., Richard A. Leslie Co., Inc. sold sport type jackets, e.g., cotton, casual-collared golf jackets.
These golf jackets contained labels bearing the mark "Birdie".

5.     At all times during which I was a sales representative for Richard A. Leslie Co.

09/05/07  12:36  ☎ 00000000000000  zzzzzzzz  03
From: Jeffrey Sonnabend  To: Jules Braun  Date: 9/4/2007 Time: 8:34:52 PM  Page 3 of 3

Case 1:07-cv-05933-LAK    Document 10-2    Filed 09/18/2007    Page 65 of 77

Inc., my customers included, among others, retail sporting goods stores. I estimate that at least 15-20% of the customer accounts I serviced for Richard A. Leslie Co., Inc. were retail sporting goods stores.

6.     At all times during which I was a sales representative for Richard A. Leslie Co., Inc., Richard A. Leslie Co., Inc., I regularly visited with Richard A. Leslie Co., Inc. customers and spoke regularly by telephone with Richard A. Leslie Co., Inc. customers.

7.     At all times during which I was a sales representative for Richard A. Leslie Co., Inc., Richard A. Leslie Co., Inc.'s customers referred to Richard A. Leslie Co., Inc. almost exclusively as "Birdie", "the Birdie jacket company", "Birdie jackets" and the like. In my experience, "Birdie" and Richard A. Leslie Co., Inc. were synonymous.

I swear under penalty of perjury that the foregoing is true and correct, except as to those statements made upon information and belief, which I believe to be true and correct.

Jules Braun

Date: 09/05/2007

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x
Richard A Leslie Co., Inc.,

        Plaintiff,

               v.

Birdie, LLC, and Golfsmith International
Holdings, Inc.,

        Defendants.
------------------------------------------------------x

DECLARATION OF RICHARD
FAYE

07-cv-5933 (LAK)

I, Richard Faye, hereby declare the following:

1.      From approximately 1968 or 1969 through 2007 I was a factory sales

representative (a "factory sales rep") for Richard A. Leslie Co., Inc.

2.      At all times during which I was a factory sales rep for Richard A. Leslie Co. Inc.,

Richard A. Leslie Co., Inc. marketed and sold golf jackets under the brand name "Birdie". Each

of these golf jackets contained or used labels or tags bearing the mark "Birdie".

3.      At all times during which I was a factory sales rep for Richard A. Leslie Co., Inc.,

I regularly visited with Richard A. Leslie Co., Inc. customers and spoke regularly by telephone

with Richard A. Leslie Co., Inc. customers.

4.      At all times during which I was a factory sales rep for Richard A. Leslie Co., Inc.,

I regularly referred to myself when communicating with customers as "the Birdie jacket rep."

5.      At all times during which I was a factory sales rep for Richard A. Leslie Co., Inc.,

Richard A. Leslie Co., Inc.'s customers referred to Richard A. Leslie Co., Inc. almost exclusively

as "Birdie", "the Birdie jacket company", "Birdie jackets" and the like.  In my experience,

"Birdie" and Richard A. Leslie Co., Inc. were synonymous.

      6.     At all times during which I was a factory sales rep for Richard A. Leslie Co., Inc.,

my customers (that is, the Richard A. Leslie Co., Inc. customers I serviced) included, among

others, golf clubs/country clubs, sports retailers, and independent golf pro shops.

      I swear under penalty of perjury that the foregoing is true and correct, except as to those

statements made upon information and belief, which I believe to be true and correct.

Richard Faye

Date: 9-6-07

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x

Richard A Leslie Co., Inc.,

        Plaintiff,

               v.

Birdie, LLC, and Golfsmith International
Holdings, Inc.,

        Defendants.

---------------------------------------------------------x

                                     DECLARATION OF RICHARD
                                     LONIGRO

                                     07-cv-5933 (LAK)

I, Richard Lonigro, hereby declare the following:

      1.      I am owner of Port Jefferson Sporting Goods.  Port Jefferson Sporting Goods is a retailer of general sporting goods consisting of five retail locations.  Port Jefferson Sporting Goods was founded in 1971 and presently has annual sales of approximately REDACTED

      2.      Port Jefferson Sporting Goods sells at retail, among other goods, golf equipment and golf apparel.

      3.      I have been a customer of Richard A. Leslie Co., Inc. since Port Jefferson Sporting Goods first opened in 1971 through the present day.

      4.      I purchase from Richard A. Leslie Co., Inc. jackets, including golf jackets, and warmup suits.  I have purchased these items from Richard A. Leslie Co., Inc. from 1971 through the present day.

      5.      I sell "Birdie" branded jackets, golf jackets and warmup suits from the Richard A. Leslie Co., Inc. both via my retail stores (i.e., "off the rack") and via special orders to teams, schools and the like.

6.     Each of the jackets, golf jackets and warmup suits I purchase from Richard A. Leslie Co., Inc. includes a label bearing the mark "Birdie". I do not remove or alter these labels prior to sale. My customers receive the jackets, golf jackets and warmup suits with the "Birdie" labels intact.

7.     I refer to Richard A. Leslie Co., Inc. as "Birdie" and have always considered Richard A. Leslie Co., Inc. to be the "Birdie" company. My sales staff refers to Richard A. Leslie Co., Inc. as "Birdie" and the apparel as "Birdie" jackets, "Birdie" warmup suits, etc.

I swear under penalty of perjury that the foregoing is true and correct, except as to those statements made upon information and belief, which I believe to be true and correct.

Richard Lonigro

Date:   9-5-07

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------x
Richard A Leslie Co., Inc.,

      Plaintiff,

                v.

Birdie, LLC, and Golfsmith International
Holdings, Inc.,

      Defendants.
----------------------------------------------------------x

DECLARATION OF NEIL
MARCUS

07-cv-5933 (LAK)

I, Neil Marcus, hereby declare the following:

1.     I am owner of Hollywood Screenprinting, Inc., a New York corporation. Prior to the formation of Hollywood Screenprinting, Inc. in 1999, I was owner of ZYX Printing Inc. Each of my companies is/was a custom screenprinter and embroiderer. These companies provide custom screenprinted and embroidered clothing items as ordered by their customers.

2.     From sometime in approximately 1989 until the present time, I have been a customer of Richard A. Leslie Co., Inc.

3.     I purchase from Richard A. Leslie Co., Inc. fleeces and jackets, including golf fleeces and jackets, for resale to my customers. I apply custom screenprinting and/or embroidery on these fleeces and jackets for my customers.

4.     Each of the golf fleeces and jackets I purchase from Richard A. Leslie Co., Inc. includes a label bearing the mark "Birdie". I do not remove or alter these labels in any way. My customers receive the fleeces and jackets with the "Birdie" labels intact.

5.     My clients order custom embroidered golf fleeces and jackets for golf related

events, among other events.  I sell approximately 10 to 15 golf related events each year, each of which typically includes 100 to 200 units.

6.    I refer to Richard A. Leslie Co., Inc. as "Birdie" and have always considered Richard A. Leslie Co., Inc. to be the "Birdie" company.  I make checks payable to "Birdie" and believe I have never made a check payable to "Richard A. Leslie Co., Inc."

I swear under penalty of perjury that the foregoing is true and correct, except as to those statements made upon information and belief, which I believe to be true and correct.

Neil Marcus

Date:  9/5/07

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------x
Richard A Leslie Co., Inc.,

       Plaintiff,                            DECLARATION OF KEN
                                              SOLOMON
               v.

                                          07-cv-5933 (LAK)
Birdie, LLC, and Golfsmith International
Holdings, Inc.,

       Defendants.
--------------------------------------------------------x

I, Ken Solomon, hereby declare the following:

1.        I am President of Richard A. Leslie Co., Inc.

2.        The predecessor of Richard A. Leslie Co., Inc., Globe Sports Products, was

founded in approximately 1936 by my grandfather, Abe Slomon.  Richard A. Leslie, Inc. was

established in 1956 as a division of Globe Sports Products for the purpose of handling retail

accounts.  Richard A. Leslie Co., Inc. grew to become the dominant business of Globe Sports

Products, and the two were eventually consolidated under the Richard A. Leslie Co., Inc. entity.

3.        The company was handed-down to my father, Robert Solomon and my uncle,

Louis Solomon, and then to my cousin, Eric Solomon and myself.  I have been running the

business since 2000.  Eric Solomon is no longer with the Richard A. Leslie Co., Inc.

4.        From its inception through the present day, Richard A. Leslie Co., Inc. has

manufactured or had manufactured for it various sports related clothing items, including among

others jackets and golf jackets, rain pants, warmup suits and wind shirts.

5.        From its inception through the present day, Richard A. Leslie Co., Inc. has

branded its clothing items with the "Birdie" brand. The products have been and continue to be branded in part by means of labels affixed to the goods, for example, in the form of collar labels for jackets and golf jackets. The "Birdie" brand is effectively Richard A. Leslie Co., Inc.'s only significant asset.

6.      "Birdie" has been Richard A. Leslie Co., Inc.'s only brand from the company's inception through the present time.

7.      From its inception through the present day, Richard A. Leslie Co., Inc. has advertised and/or promoted its goods under the "Birdie" brand, those products including jackets, golf jackets and warmup suits, among others. The "Birdie" brand was and remains focused on sports related clothing, including an emphasis on golf, among other emphasized sports. Richard A. Leslie Co., Inc. has marketed and continues to market its jackets to golfers and sells golf jackets to golfers.

8.      The original logo, still in use today, incorporates a golf club, two golf tees and two golf balls into its design. Exhibit 1 is a true and correct copy of this mark.

9.      Richard A. Leslie Co., Inc.'s use of the "Birdie" mark includes use on product labels, advertisements and catalogs. Exhibit 2 attached hereto is a true and correct copy of "Birdie" labels used on Richard A. Leslie Co., Inc. products.

10.     From the earliest catalogs, Richard A. Leslie Co., Inc. catalogs have featured golf jackets and images of golfers. The layouts of these catalogs have featured golf equipment and golf surroundings. Exhibit 3 attached hereto are true and correct copies of Richard A. Leslie Co., Inc. "Birdie" product catalogs displaying "Birdie" branded apparel.

11.     Richard A. Leslie Co., Inc. owned three federal trademark registrations for the mark "Birdie" in both plain word form and in logo form.  Two of these registrations were inadvertently allowed to go abandoned when Richard A. Leslie Co., Inc. failed to file necessary paperwork and pay necessary renewal fees.

12.     Richard A. Leslie Co., Inc.'s business under its "Birdie" brand grew substantially from its inception into 1980's.

13.     The "Birdie" brand has become synonymous with the Richard A. Leslie Co., Inc. in the eyes of many, if not most or all, of our customers.  Richard A. Leslie Co., Inc. has received over the years numerous inquiries and orders from customers and potential customers directed to "Birdie" and not "Richard A. Leslie Co., Inc."  Over the years, Richard A. Leslie Co., Inc. has received numerous checks from customers made payable to "Birdie" and not "Richard A. Leslie Co., Inc.".  Exhibit 4 is a true and correct copy of such a check.

14.     At the height of its business, Richard A. Leslie Co., Inc. employed over 175 employees and independent contractors (including employees at Richard A. Leslie Co., Inc.'s manufacturing arm, which was technically a different business entity).  At the height of its business, Richard A. Leslie Co., Inc. had a sales force of approximately 15 to 20 sales representatives.

15.     From the inception of the "Birdie" brand through the present, I estimate Richard A. Leslie Co., Inc. has sold approximately REDACT million jackets under the "Birdie" brand totaling approximately REDACT million.

16.     Exhibit 5 is a true and correct copy of a spreadsheet of unit production of "Birdie" brand jackets dating from February, 1990 through 2002.  This document was prepared by a plant manager for his own use.

17.     From approximately the 1987 to 1989 time frame to the recent past, Richard A. Leslie Co., Inc. sales of "Birdie" products decreased year-to-year, reaching a low point in late 2006.

18.     Exhibit 6 are true and correct copies of exemplary invoices for "Birdie" brand jackets from 2002 through the present.

19.     My present average unit price at wholesale is approximately $16 to $20.

20.     By sometime in late 2006, sales had decreased to a point that I made a decision to close the business of Richard A. Leslie Co., Inc.  I sent a letter to Richard A. Leslie Co., Inc. customers in January of 2007 informing them of my decision.  A true and correct copy of this letter is attached as Exhibit 7.

21.     Before I concluded business, however, I was able to reach out to and consummate a business relationship with a Chinese clothing manufacturer.  The terms of the business agreement reached between Richard A. Leslie Co., Inc. and the Chinese manufacturer were such that Richard A. Leslie Co., Inc. would, in my belief, be viable once again.  In effect, the manufacturing agreement saved Richard A. Leslie Co., Inc.

22.     If I am unable to sell enough products, for example, because of trademark infringement by others resulting in an inability to differentiate my products from competitors',  I believe the manufacturer will terminated our agreement.  Such an event would likely force Richard A. Leslie Co., Inc. out of business.

4

23.     At no time did I terminate the business of Richard A. Leslie Co., Inc..  At no time did I cease operations of Richard A. Leslie Co., Inc..  At no time did I stop filling orders for Richard A. Leslie Co., Inc.'s "Birdie" products.  At no time did I discontinue use of the "Birdie" mark.  At no time did I tell others that they were free to use the "Birdie" mark.

24.     In May, 2007, Birdie LLC contacted Richard A. Leslie Co., Inc. regarding the "Birdie" mark.  Birdie LLC explained that it had erred by not first ensuring that the "Birdie" mark was available for its use before it began using the mark.  Birdie LLC further explained that it had applied for registration of its own "Birdie" mark for clothing but had been refused registration due to a likelihood of confusion with  Richard A. Leslie Co., Inc.'s registration of its "Birdie" mark.

25.     Richard A. Leslie Co., Inc. and Birdie LLC entered into discussions regarding Richard A. Leslie Co., Inc.'s rights in its "Birdie" mark with the ultimate goal of possibly granting some or all rights in the mark to Birdie LLC.  The discussions continued until the last week of June, 2007, when I realized that Birdie LLC was not acting in good faith, that is, they were not seeking to move the discussion forward in a meaningful manner.

26.     I asked Birdie LLC to move the discussions forward in a productive manner or to stop using the "Birdie" mark.  When it became apparent to me that Birdie LLC would not acquiesce to either request, I retained counsel and filed the present law suit.  I hoped that by filing the law suit, Birdie LLC would be convinced to re-initiate productive discussions or cease use of the "Birdie" mark.

27.     Upon receiving the initial responsive communication from Birdie LLC's counsel, I concluded that Birdie LLC would not re-initiate discussions nor stop use of the "Birdie" mark,

5

and so I instructed my counsel to immediately begin preparation of the present motion. I have been diligently collecting the necessary information for the present motion since that time, including identifying and initially contacting individuals who might provide relevant declarations and collecting relevant documents.

28.    Being the sole individual running Richard A. Leslie Co., Inc., I am responsible for all substantive aspects of Richard A. Leslie Co., Inc.'s business, including generating sales; taking and processing customer orders; placing orders with the overseas manufacturer; coordinating and managing shipments; managing advertising and marketing materials; creating and executing business strategies; making all product line decisions; monitoring the marketplace including competitors' activities; and monitoring and enforcing its trademark rights.

29.    I have struggled to continue running Richard A. Leslie Co., Inc. while collecting the information for the present motion. I have been forced to balance the harm my business will suffer if I run it inadequately against the harm I suffer from Birdie LLC's infringement and the possibility of failing to timely file the present motion. As a result, collecting the necessary information has been slowed somewhat by my ongoing responsibilities in running the day-to-day operations of Richard A. Leslie Co., Inc.

I swear under penalty of perjury that the foregoing is true and correct, except as to those statements made upon information and belief, which I believe to be true and correct.

Ken Solomon

Date: _9/7/07_

6