UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x
RICHARD A. LESLIE CO., INC.,

                    Plaintiff,

        -against-                                  07 Civ. 5933 (LAK)

BIRDIE, LLC, et ano.,

                    Defendants.
------------------------------------------x

**MEMORANDUM AND ORDER**

LEWIS A. KAPLAN, *District Judge.*

      This trademark infringement case is before the Court on plaintiff's motion for a preliminary injunction.

*Facts*

*The Parties*

    *Plaintiff*

      Plaintiff Richard A. Leslie Co., Inc. ("Leslie") was established in 1956 as part of an even older business. It long manufactured, or had manufactured for it, various sports related clothing items including, among others, jackets and golf jackets, rain pants, warmup suits, and wind shirts, which it has sold under the brand "Birdie." Its catalogs, however, indicate that the focus of its business was on special order "team sports outerwear." Moreover, it directed all of its promotional efforts at retailers for sales at the wholesale level.

The Leslie business has been in decline if, indeed, it is not entirely defunct. Its tax returns indicate that its gross profits fell from $1.726 million in fiscal year 2001 to $0.650 million in 2005. By late 2006, sales had decreased to the point that its chief executive officer, Ken Solomon, decided to close the business In January 2007, it advised its customers by letter of that decision and informed them that it would fill only orders received by February 28, 2007.

Plaintiff contends that, contrary to the letter, it has not gone out of business. Mr. Solomon asserts that, subsequent to sending the going-out-of-business letter, he reached an agreement with an unnamed Chinese manufacturer such that Leslie, in Solomon's belief, again would be viable. Leslie, however, has provided no information on sales in 2006 and 2007. Moreover, declarations submitted by defendants support the view that there is a perception in the marketplace that it is out of business.

*Defendants*

Defendant Birdie LLC ("Birdie LLC") introduced a line of ladies fashion golf clothing and accessories under Birdie marks at golf trade shows in the fall of 2005. Shipments commenced in early 2006. It has invested over $850,000 in advertising and promoting, and has sold over $1.1 million worth of, these goods.

*The Failed Negotiations*

Birdie LLC sought to register a "Birdie" trademark and first learned of Leslie when

3

the examiner referred to Leslie's mark in an Office Action.[1]  On April 10, 2007, Birdie LLC contacted Leslie to determine if it was still using its mark and if it would be interested in selling any rights it might have.  Leslie responded that the timing was good because Leslie was going out of business.

Negotiations followed.  Birdie LLC requested proof of Leslie's sales and channels of trade for evaluation, which Leslie on June 8, 2007 refused to provide.  There were no further discussions between the parties.  Leslie filed suit on June 22, 2007.  But it did not move for a preliminary injunction until three months later.  The only explanation offered for the delay is Mr. Solomon's assertion that he is the sole individual running Leslie and that he was forced to balance the harm to the business that might have resulted from moving more quickly against the risk of litigation delay.[2]

*Discussion*

In order to obtain a preliminary injunction, plaintiff must show a threat of irreparable harm and either a likelihood of success on the merits or a serious question going to the merits making them a fair ground for litigation and a balance of hardships tipping decidedly in its favor.[3]  This motion, however, may be resolved entirely on the first of these criteria for at least three reasons.

"Irreparable injury ordinarily is presumed in copyright, trademark and trade dress

---

[1] Leslie had three federal registrations for various forms of "Birdie."  Two have lapsed.

[2] Solomon Decl. ¶¶ 28-29.

[3] *Louis Vuitton Mallettier v. Dooney & Burke, Inc.*, 454 F.3d 108, 113 (2d Cir. 2006).

4

infringement cases . . . . [T]he theory underlying the presumption rests on the difficulty of remedying confusion in the market place by an award of damages . . . . But it is equally well established that 'any such presumption of irreparable harm is inoperative if the plaintiff has delayed either in bringing suit or in moving for preliminary injunctive relief.'"[4]

Here, Leslie first learned of defendants' use of "Birdie" on April 10, 2007. It did not seek a preliminary injunction until September 18, 2007. The period from April 10 through June 8 may be excused, at least for purposes of this motion, on the basis that the parties appear to have been engaged in discussions with a view to resolving the matter. The three month period from June 8 through September 18 cannot. It is sufficiently long, in and of itself, to warrant denial of preliminary relief, as Mr. Solomon's conclusory and unsubstantiated implication that he could not have moved more quickly is unpersuasive.[5]

Even if one were to put aside my view that the delay in seeking injunctive relief was too long, plaintiff has not demonstrated any real threat in light of the fact that it announced to the trade in January 2007 that it was going out of business. The view that it is defunct seems to be prevalent in the trade as evidenced by defendants' submissions. Moreover, the declarations of Leslie

---

[4] *Marcy Playground, Inc. v. Capitol Records, Inc.*, 6 F. Supp.2d 277, 281 (S.D.N.Y. 1998) (citations and footnotes omitted).

[5] *E.g., Gidatex, S.R.L. v. Campaniello Imports, Ltd.*, 13 F. Supp.2d 417, 419 (S.D.N.Y. 1998) ("courts typically decline to grant preliminary injunctions in the face of unexplained delays of more than two months"); *Marcy Playground, Inc.*, 6 F. Supp.2d at 281 (presumption of irreparable injury vitiated by unexplained three month delay); *Bear U.S.A., Inc. v. A.J. Sheepskin & Leather Outerwear, Inc.*, 909 F. Supp. 896, 909-10 (S.D.N.Y.1995) (three month delay unreasonable); *Comic Strip, Inc. v. Fox Television Stations, Inc.*, 710 F. Supp. 976, 981 (S.D.N.Y.1989) (same).

5

personnel submitted by plaintiff indicate that the declarants *formerly* worked for Leslie,[6] and at least one declaration of a distributor indicates that the distribution relationship with Leslie ended in 2006.[7] There is no evidence that Leslie has had any sales representatives or other agents or employees at any time since February or March 2007. Mr. Solomon's vague assertion that he reached an oral arrangement with an unidentified Chinese manufacturer[8] that has led him to the belief that Leslie "would . . . be viable once again" is just not enough to suggest that Leslie is still in business in any material way. Indeed, one of the customer declarations it submitted states that the customer received the going out of business letter and never was told that Leslie was returning to the business.[9] The fact that Leslie has not bothered to respond to defendants' answering papers tends to confirm this.

       Third, even if Leslie were in business, the evidence before the Court suggests strongly that it does not compete with defendants. Leslie historically specialized in team sports and identity jackets offered at wholesale. It has not advertised in consumer publications.[10] Birdie LLC, on the other hand, sells through golf trade shows, and it has received considerable publicity in various media directed at consumers. There is every indication that Leslie, even if it were still functioning, would be in an entirely separate area of trade.

---

[6] *E.g.,* Braun Decl. ¶ 3 (sales representative until approximately March 2007); *see* Faye Decl. ¶¶ 1-6 (framed entirely in the past tense)

[7] Faxon Decl. ¶ 2.

[8] Solomon Dep. 42.

[9] Paul Decl. ¶ 4.

[10] Solomon Dep. 13, 15; Paul Decl. ¶ 3.

6

*Conclusion*

The Court finds that plaintiff has not sustained its burden of demonstrating a threat that it will be injured irreparably in the absence of provisional relief. Accordingly, its motion for a preliminary injunction is denied. The foregoing contain the Court's findings of fact and conclusions of law.

SO ORDERED.

Dated:    November 26, 2007

_____
Lewis A. Kaplan
United States District Judge

(The manuscript signature above is not an image of the signature on the original document in the Court file.)